**Alvin Wesley PRINE, Jr., Appellant**

v.

**The STATE of Texas**

**NO. PD-1180-16**

Court of Criminal Appeals of Texas.

Delivered: September 20, 2017

Steven Greene, P.O. Box 232, Anahuac, Texas 77514, for Appellant.

Stacey M. Soule, State Prosecuting Attorney, P.O. Box 13046, Austin, Texas 78711, for the State.

## OPINION

Keel, J., delivered the opinion of the Court in which Keller, P.J., and Keasler, Hervey, Richardson, Yeary, Newell, and Walker, JJ., joined.

A jury found Appellant guilty of sexual assault and sentenced him to 20 years' confinement and a fine of $8,000. He claimed on appeal that his attorney was ineffective during the punishment phase of trial for calling three witnesses who gave damaging testimony on cross-examination. The Fourteenth Court of Appeals agreed and remanded the case for a new punishment hearing. *Prine v. State*, 494 S.W.3d 909, 929 (Tex. App.—Houston [14th Dist] 2016, pet. granted). We granted the State Prosecuting Attorney's petition for discretionary review on two grounds:

1. When the record is silent as to defense counsel's reasons for calling witnesses in support of probation, has the

presumption of reasonable strategy been rebutted?

2. If the reasonableness presumption was rebutted, did defense counsel render ineffective assistance in calling witnesses who presented favorable evidence but also opened the door for damaging evidence?

We reverse the judgment of the court of appeals and affirm that of the trial court.

## Background

The evidence in the guilt phase of trial showed that during an alcohol-fueled celebration at the end of a trail ride in Dayton, Texas, the 54-year-old Appellant sexually assaulted the unconscious 19-year-old complainant. He was caught in the act by his friend, the complainant's boyfriend. Appellant tried to flee in his own pick-up while pulling his horse trailer, but a police officer caught him a short distance from the scene of the crime.

In the punishment phase, the State presented the testimony of the complainant and rested on a Friday afternoon. But over the weekend, the prosecutor notified the defense attorney that he had just learned and intended to prove that, some 27 years earlier, Appellant had fathered a child with his children's 15-year-old babysitter.

When the trial resumed on Monday morning, the defense called three witnesses to the stand: a probation officer and Appellant's aunt and sister. The testimony of each was a mixed bag for Appellant. The probation officer testified to Appellant's eligibility for probation and the strict supervision afforded sex offender probationers, but he opined on cross-examination that Appellant did not deserve probation. Appellant's aunt testified that he had been helpful to her and had always worked and supported his family until suffering multiple strokes and heart attacks. On cross she testified that he had fathered a child some 27 years earlier with his family's under-aged babysitter. Appellant's sister testified about his health problems and resulting physical limitations, his abstention from alcohol since his arrest and his life-saving support for her after her own rape and impregnation by their father. On cross she acknowledged Appellant's sexual relationship with the babysitter.

The majority below held that counsel was deficient in (1) calling the probation officer "without first determining whether [he] would testify in a harmful way" and (2) failing to object to his opinion testimony. *Prine*, 494 S.W.3d at 926. It held that trial counsel compounded this error by calling Appellant's aunt and sister even after the State notified him of its intent to elicit testimony regarding a prior extraneous offense known by the family members. *Id.* It reasoned that these errors caused the near-maximum punishment verdict, and concluded that the defense attorney provided ineffective assistance of counsel in the punishment phase of Appellant's trial. *Id.* at 928.

## Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, the defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686, 104 S.Ct. 2052. The defendant bears the burden of proving by a preponderance of the evidence that counsel was ineffective. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Whether a defendant received effective assistance of

counsel is based on the facts of each case. *Id.*

■ Counsel's performance is deficient if it falls below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688, 104 S.Ct. 2052. "It is not sufficient that the appellant show, with the benefit of hindsight, that his counsel's actions or omissions during trial were merely of questionable competence. Rather, the record must affirmatively demonstrate trial counsel's alleged ineffectiveness." *Mata v. State*, 226 S.W.3d 425, 430 (Tex. Crim. App. 2007). The defendant must overcome "the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance" and that the conduct constituted sound trial strategy. *Thompson*, 9 S.W.3d at 813; *Miniel v. State*, 831 S.W.2d 310, 323 (Tex. Crim. App. 1992).

■ To defeat this presumption, "[a]ny allegation of ineffectiveness must be firmly founded in the record and the record must affirmatively demonstrate the alleged ineffectiveness." *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996). Trial counsel should generally be given an opportunity to explain his actions before being found ineffective. *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003). In the face of an undeveloped record, counsel should be found ineffective only if his conduct was "so outrageous that no competent attorney would have engaged in it." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). The record on direct appeal is generally insufficient to show that counsel's performance was deficient. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).

### Analysis

■ In holding that the trial attorney was ineffective, the court of appeals made a number of assumptions.

It first assumed that the defense attorney called the probation officer to the stand without determining whether his testimony might harm the defense. *Prine*, 494 S.W.3d at 926. Nothing in the record demonstrates what the attorney knew about the probation officer's potential testimony. The lower court cited the probation officer's testimony that he met briefly with Appellant to determine his probation eligibility and that they did not discuss the facts of the case. *Id.* at n. 10. But the probation officer did not testify about any conversations he may have had with the defense attorney. As the dissent below pointed out, the record is silent about the defense attorney's impression of the probation officer's potential testimony. *Prine*, 494 S.W.3d at 932-33 (Frost, C.J., dissenting).

The court of appeals criticized the defense attorney for failing to object to the probation officer's opinion that Appellant did not deserve probation, but he did object, at least initially. Instead of ruling on the objection, however, the trial court prompted the prosecutor to rephrase the question in a particular way.[1] When the prosecutor rephrased, the defense attorney did not renew his objection. Without a more fully developed record, it is impossible to conclude that his failure to repeat his objection lacked any reasonable strategic basis.

■ Moreover, the court of appeals did not determine that the probation officer's opinion was inadmissible. The failure to object will not support a claim of ineffective assistance unless the trial judge would

---

1. The judge instructed the prosecutor, "Rephrase your question. 'In your opinion based on the limited amount of interview time you have had with the defendant.' "

have erred in overruling the objection. *Ex parte Martinez*, 330 S.W.3d 891, 901 (Tex. Crim. App. 2011); *Ortiz v. State*, 93 S.W.3d 79, 93 (Tex. Crim. App. 2002). A trial court does not necessarily err in overruling a defense objection to a question about the defendant's suitability for probation. *See Ellison v. State*, 201 S.W.3d 714, 723-24 (Tex. Crim. App. 2006). Since the court of appeals did not determine that the probation officer's opinion was inadmissible, it should not have held that the trial attorney was deficient for failing to renew his objection to it.

 Even assuming that the probation officer's opinion was inadmissible, the decision to call him as a witness was a strategic choice that involved weighing the risks and benefits of his testimony. Evaluating such risks and benefits "is exactly the type of strategic decision that ordinarily requires courts to evaluate an attorney's explanations before concluding counsel was ineffective." *Prine*, 494 S.W.3d at 930 (Frost, C.J., dissenting). On one hand, the probation officer established Appellant's eligibility for probation, detailed the conditions of probation, explained the methods of enforcing those conditions and described the possible sanctions for violations. But on the other hand, he expressed a negative opinion about Appellant's suitability for probation. Without more, this record does not support a conclusion that the attorney's choice to put him on the stand was so outrageous that no other attorney would have done the same.

 With respect to the extraneous offense evidence testified to on cross-examination by the aunt and sister, the court of appeals suggested that the defense attorney could have prevented its admission if he had refrained from calling them to the stand. *Prine*, 494 S.W.3d at 926-27. The record does not support the suggestion. When the prosecutor was thwarted in his effort to prove the extraneous offense through the probation officer, he asserted that he had "another witness" through whom he would prove it. If the witness was the aunt or sister, as the lower court seems to assume, the State might have called one or both of them to the stand if the defense had not done so first. On the other hand, if the State had yet another witness who would prove the extraneous offense without offering any mitigating evidence as the aunt and sister did, failing to call the aunt and sister might have been worse for Appellant.

Appellant argues that the defense attorney should have abandoned the effort to prove probation, called no witnesses in the punishment phase and advised the aunt and sister "to stay away from the courthouse" so that the prosecution could not call them to the stand. But if trial counsel had acted accordingly, then Appellant could have claimed ineffective assistance for failing to prove his probation eligibility and guaranteeing him a prison sentence. *Bone v. State*, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002).

The defense attorney faced a dilemma in the punishment phase of this case. The facets of that dilemma are not fully revealed by the record before us. Thus it is impossible to say that his decision to call these witnesses and suffer their cross-examination was so unreasonable that no other attorney would have made the same decision. Without a more fully developed record, the court of appeals erred to hold that the trial attorney was ineffective as a matter of law. Accordingly, we reverse the judgment of the court of appeals and affirm the trial court's judgment and sentence.

Alcala, J., filed a dissenting opinion.

## DISSENTING OPINION

Alcala, J., filed a dissenting opinion.

This is an extreme case of ineffective assistance of counsel. Trial counsel called witnesses to the stand in the punishment phase of a sexual assault trial through whom evidence was introduced that a probated sentence was inappropriate and that Alvin Wesley Prine, Jr., appellant, had previously sexually assaulted a child. Nothing that trial counsel could or would say to explain his performance could justify this extreme misfeasance. Despite the silent record as to counsel's rationale for his conduct and despite the presumption that counsel's conduct fell within the wide range of reasonable professional assistance, I would hold that, under an objective standard of reasonable performance, counsel rendered ineffective assistance of counsel. I, therefore, would affirm the court of appeals's judgment reversing the punishment phase of appellant's trial on the grounds of trial counsel's ineffectiveness. *See Prine v. State*, 494 S.W.3d 909, 929 (Tex. App.—Houston [14th Dist.] 2016). Because this Court's majority opinion instead reverses the court of appeals, I respectfully dissent.

## I. Background

Appellant, a fifty-four year old man, was convicted of sexual assault based on evidence that he had sexual intercourse with the nineteen-year-old complainant who was passed out in the back seat of a truck after a trail ride. In the punishment phase of trial, the State presented the complainant's testimony and rested its case on punishment. After that, prosecutors learned that appellant had previously had a sexual relationship with a fifteen-year-old girl, and they disclosed that information to trial counsel before counsel began presenting his punishment evidence.

Despite having knowledge about appellant's prior sexual misconduct, trial counsel presented three witnesses in the punishment phase of trial, each of whom was then asked about his prior sexual misconduct against a child. First, trial counsel called a probation officer to describe appellant's suitability for probation. The State cross-examined the witness by asking whether he had "heard that [appellant] had knocked up a 15-year-old girl when he was already married and had children." The trial court sustained trial counsel's objection to that question. After that, the State's attorney questioned the probation officer about appellant's suitability for a suspended sentence given the circumstances of the instant offense for which the jury had just convicted him. The State informed the witness about the circumstances underlying the instant offense, and the witness opined that he did not believe appellant deserved probation in this case.

The second and third witnesses who testified were appellant's aunt and sister. In response to questioning by trial counsel, appellant's aunt said that appellant had never been convicted of any crimes and that the sexual assault for which he had just been convicted by the jury was "very out of character." During cross-examination, the aunt acknowledged that appellant had a child with a babysitter who "was young" when he impregnated her. Appellant's sister testified similarly that appellant had never been convicted of any crimes but that he had a child with a fifteen-year-old girl whom he had hired as his child's babysitter.

The jury sentenced appellant to the maximum term in prison at twenty years' confinement and almost the maximum fine at $8,000. On appeal, in a split decision, the court of appeals reversed the punishment phase of trial on the grounds of trial counsel's ineffective representation in present-

ing the three witnesses' testimony. *See Prine*, 494 S.W.3d at 929.

## II. Analysis

It is true that ordinarily this Court requires evidence from trial counsel as to his rationale for his actions or inactions before finding him ineffective. But this is not always the case. Sometimes, when the record shows that no reasonable attorney would have engaged in a particular course of conduct, an appellate court will find counsel ineffective, even with a silent record. *See Andrews v. State*, 159 S.W.3d 98, 102 (Tex. Crim. App. 2005) ("[W]hen no reasonable trial strategy could justify the trial counsel's conduct, counsel's performance falls below an objective standard of reasonableness as a matter of law, regardless of whether the record adequately reflects the trial counsel's subjective reasons for acting as she did."). This is such a case. Here, trial counsel's actions permitted the introduction of evidence that appellant's conduct was not appropriate for probation and that he had previously sexually assaulted a child. That extremely prejudicial evidence had not been introduced during the State's punishment evidence. I conclude that trial counsel's conduct that resulted in the introduction of this evidence was "so outrageous that no competent attorney would have engaged in it." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005).

Even if trial counsel had been permitted to testify in a motion for new trial about his reasons for calling the three witnesses to the stand, nothing that trial counsel could say could justify his decisions in this case that permitted the State to introduce evidence that appellant's instant offense was unworthy of a probated sentence and that he had previously committed a prior sexual assault of a child. Presumably, trial counsel would have said that his strategy

in calling these three witnesses was to prove that a suspended sentence was a possible option for the jury and that appellant was eligible to receive such a sentence based on his lack of prior criminal convictions. But that type of rationale would be lunacy in this case. It is pure fantasy to believe that any reasonable jury would grant a suspended sentence to a defendant who had sexually assaulted a nineteen-year-old young lady who was passed out, who had previously sexually assaulted a child, and whose offense was considered to be inappropriate for a suspended sentence according to a probation officer. Thus, despite appellant's eligibility for a suspended sentence due to the absence of any prior criminal convictions, it would be inconceivable that a jury would grant him a suspended sentence under the circumstances in this case in which the witnesses chosen by trial counsel to establish appellant's eligibility for probation came with excessively prejudicial baggage. Calling the three witnesses to the stand prejudiced appellant not only because the jury apparently easily decided to deny him a suspended sentence but also because the jury then assessed the maximum prison term against him.

Had trial counsel not introduced the evidence from these three witnesses, the jury would only have known the fact that appellant took advantage of a heavily intoxicated girl after a trail ride with her boyfriend and friends. Certainly, that is reprehensible conduct deserving of a term in prison. But the jury would not have known that a probation officer did not believe appellant's offense to be a good choice for a suspended sentence, and it would not have known that appellant had a prior history of engaging in similar conduct against a child. In all likelihood, the jury would have sentenced appellant to less than the maximum prison term allowed under the law, which is what appellant received in this

case. *See Ex parte Lane,* 303 S.W.3d 702, 714-15, 719 (Tex. Crim. App. 2009) (granting new punishment hearing because counsel failed to object to testimony whose probative value in assisting the jury in deciding the appropriate punishment was substantially outweighed by the danger of unfair prejudice); *see also Ex parte Rogers,* 369 S.W.3d 858, 865 (Tex. Crim. App. 2012) (finding that a reasonable probability that the punishment assessed would have been different had trial counsel not performed deficiently was sufficient to demonstrate prejudice).

I disagree with this Court's continued presumption of competent performance that seems to suggest that we should defer to counsel's subjective reasons for his decisions. It is improper to defer to trial counsel's subjective beliefs about his performance. *See Okonkwo v. State,* 398 S.W.3d 689, 693 (Tex. Crim. App. 2013). Ineffective assistance of counsel is an objective standard that requires an appellate court to determine whether any reasonable attorney would have performed in the manner of which the defendant complains. *See id.* Where the record is silent as to the reason for counsel's decisions, we presume a strategic motive, if any can be imagined—but that assumed strategic motive must still be objectively reasonable to defeat an ineffective-assistance claim. *See id.* ("[T]he focus of appellate review is the objective reasonableness of counsel's actual conduct in light of the entire record."). Here, the only possible rationale for calling the three witnesses to the stand would be to establish that appellant was eligible for and should be considered for a probated sentence. But the first witness opined that the offense was not appropriate for a suspended sentence. And the next two witnesses established that appellant was a repeat sexual offender of young ladies. Had these three witnesses not testified, the jury would have known only about

appellant's single instance of sexual misconduct that would have appeared to be an aberration by a middle-aged man without a criminal history who was faced with a crime of opportunity. I conclude that no reasonably competent attorney would have presented evidence by these three witnesses that significantly changed appellant's sentencing profile from that of a person who had engaged in a single transgression to a repeat sexual miscreant. There is nothing trial counsel could possibly say to justify his decisions that resulted in the introduction of this evidence. No reasonably competent attorney would have introduced testimony from a probation officer who did not believe that appellant was a suitable candidate for probation. No reasonably competent attorney would have introduced testimony from relatives who knew that appellant previously had sexually assaulted a child in a case in which the jury was determining the sentence for sexual assault of a young lady. None of this evidence had been introduced by the State at appellant's trial. Nothing suggests that the State otherwise could have presented any of this evidence to the jury.

This Court's majority opinion suggests that, had trial counsel not called the relatives to the stand, then appellant would be asserting ineffective assistance of counsel for failing to present any evidence to prove his eligibility for probation. This is a red herring. Assuming that he could complain about ineffective assistance on that rationale, appellant would not be able to show prejudice on the basis of a fantastical belief that a reasonable jury would be more likely to consider granting him a lesser or even a probated sentence based on a record that showed that those witnesses would have testified about not only his sexual assault of a young lady but also his prior commission of sexual assault of a child or, in the case of the probation offi-

cer, would have testified that appellant should not be awarded a suspended sentence. This Court should not deny a valid claim of ineffective assistance of counsel by reasoning that a defendant could have mistakenly asserted an invalid claim of ineffective assistance of counsel had counsel performed adequately.

This Court's majority opinion suggests that the State could have introduced the evidence about appellant's prior sexual assault of a child even if trial counsel had not called the witnesses to the stand. I disagree. The State already had rested its punishment evidence at the point that trial counsel called the witnesses to testify. Had trial counsel rested without presenting evidence, then the State would have had to ask the trial court to reopen its evidence, even assuming that it actually had a witness through whom that evidence could have been introduced. An appellate court should not go to extreme lengths in speculating about whether a trial court would have permitted the State to reopen its case in chief to introduce evidence that it had not introduced earlier during its case-in-chief in the punishment phase of trial. Here, based on this record, and based on a review of what an objectively reasonable attorney would have done under these circumstances, this appellant has shown that his attorney provided ineffective assistance in the punishment phase of trial.

### III. Conclusion

Because the proper focus should be on whether a trial attorney's performance was objectively unreasonable, a silent record as to counsel's subjective reasons for his actions, as here, nonetheless may suffice to establish that he rendered ineffective assistance of counsel. Here, nothing counsel could possibly say would change the fact that his performance was so outrageous that no competent attorney would have

engaged in it. Therefore, trial counsel performed deficiently and, in doing so, prejudiced appellant. Like the court of appeals, I would grant appellant a new punishment trial. Because this Court's majority opinion reverses the proper decision by the court of appeals that held that trial counsel rendered ineffective assistance in the punishment phase, I respectfully dissent.