

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-17-00611-CR

Douglas Wayne **HEFNER**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 198th Judicial District Court, Bandera County, Texas
Trial Court No. CR-17-0000049
Honorable M. Rex Emerson, Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice

Sitting:        Rebeca C. Martinez, Justice
                Patricia O. Alvarez, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed:  July 25, 2018

AFFIRMED

Douglas Wayne Hefner appeals his conviction for the offense of possession with intent to deliver a controlled substance (methamphetamine) weighing more than 4 grams and less than 200 grams, asserting trial counsel was ineffective for failing to request that the trial court reopen evidence at the punishment phase to present Hefner's testimony that he was eligible for probation. We affirm the trial court's judgment.

## BACKGROUND

Hefner was indicted for possession of a controlled substance (methamphetamine) with intent to deliver. He pled not guilty and proceeded to a jury trial. Hefner was present for the first day of trial, but failed to appear on the morning of the second day of trial. Over defense counsel's objection, the trial court proceeded without Hefner. At the conclusion of the guilt-innocence portion of trial, the jury returned a guilty verdict.

Prior to trial, Hefner filed an election pursuant to which he requested that the jury assess punishment if found guilty, as well as a sworn application for probation. Due to Hefner's absence, defense counsel did not present punishment evidence, including evidence regarding Hefner's eligibility for probation. The parties rested and closed as to punishment, and defense counsel remarked in a bench conference that he was prohibited from asking the jury for probation since Hefner was not present. A few minutes later, the record reflects that Hefner appeared in court. The jury charge had not yet been prepared or read to the jury. The trial court ultimately approved of a jury charge that only permitted the jury to consider prison time as a possible punishment. The trial court sentenced Hefner to fifteen years' imprisonment in accordance with the jury's punishment verdict.

## STANDARD OF REVIEW

To prevail on a claim of ineffective assistance of counsel, the defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Prine v. State*, 537 S.W.3d 113, 116 (Tex. Crim. App. 2017). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686. The defendant bears the burden of proving by a preponderance of the evidence that counsel was ineffective.

*Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Whether a defendant received effective assistance of counsel is based on the facts of each case. *Id.*

Counsel's performance is deficient if it falls below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. "It is not sufficient that the appellant show, with the benefit of hindsight, that his counsel's actions or omissions during trial were merely of questionable competence. Rather, the record must affirmatively demonstrate trial counsel's alleged ineffectiveness." *Mata v. State*, 226 S.W.3d 425, 430 (Tex. Crim. App. 2007). The defendant must overcome "the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance" and that the conduct constituted sound trial strategy. *Thompson*, 9 S.W.3d at 813.

To defeat this presumption, "[a]ny allegation of ineffectiveness must be firmly founded in the record and the record must affirmatively demonstrate the alleged ineffectiveness." *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996). Trial counsel should generally be given an opportunity to explain his actions before being found ineffective. *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003). The record on direct appeal is generally insufficient to show that counsel's performance was deficient. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). In the face of an undeveloped record, counsel should be found ineffective only if his conduct was "so outrageous that no competent attorney would have engaged in it." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005).

## DISCUSSION

Hefner argues that counsel should have requested that the evidence be reopened at the punishment phase so that he could have shown his eligibility for probation. To be eligible for probation, both a defendant's sworn application for probation and the evidence must show that he

has never been convicted of a felony. *Green v. State*, 658 S.W.2d 303, 308 (Tex. Crim. App. 1983).

Hefner did not file a motion for new trial complaining of counsel's alleged deficiency, and as such, there was no corresponding hearing at which counsel's strategy or lack of strategy could be developed. The record is thus silent regarding the reason counsel did not ask to reopen the evidence. Without a developed record on appeal, we must presume a sound trial strategy unless counsel's conduct was "so outrageous that no competent attorney would have engaged in it." *Goodspeed*, 187 S.W.3d at 392. Because there may have been strategic reasons behind counsel's actions, we cannot conclude his conduct was so outrageous that no competent attorney would have engaged in it. *See id*. Thus, Hefner has failed to prove by a preponderance of the evidence that counsel's performance was deficient under the first *Strickland* prong. *Strickland*, 466 U.S. at 687. Accordingly, we overrule Hefner's sole issue on appeal and affirm the judgment of the trial court.

Rebeca C. Martinez, Justice

DO NOT PUBLISH