

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-18-00072-CR

Sierra **FISHER**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2015CR5413A
Honorable Catherine Torres-Stahl, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:       Sandee Bryan Marion, Chief Justice
               Marialyn Barnard, Justice
               Patricia O. Alvarez, Justice

Delivered and Filed: December 19, 2018

AFFIRMED

A jury convicted appellant Sierra Fisher of injury to a child, and the trial court sentenced Fisher to twenty years' imprisonment. In two points of error, Fisher argues: (1) she was denied effective assistance of counsel and (2) the trial court erred in denying her motion for mistrial. We affirm the judgment of the trial court.

### BACKGROUND

Fisher and her boyfriend at the time, Sean McClendon, brought Fisher's two-month-old son to the emergency room because he was unable to move his arm and was crying in pain. While

at the emergency room, hospital staff workers asked Fisher what happened. X-rays revealed the child had thirteen fractures, including a spiral fracture to his left arm and multiple fractures to his ribs at various stages of healing. Believing the injuries to be the result of nonaccidental abusive trauma, staff workers contacted the San Antonio Police Department and Child Protective Services, both of which interviewed Fisher and her boyfriend.

Fisher was ultimately indicted for serious bodily injury to a child by act and by omission. *See* TEX. PENAL CODE ANN. § 22.04(a)(1). The case was subsequently tried to a jury. Prior to the commencement of trial, defense counsel announced not ready and moved for a continuance, arguing he needed additional time to retain an expert witness. Counsel argued he had a duty to retain an expert witness because the matter concerned an injury to a child. Counsel added, however, that he did not believe he needed an expert witness to establish his defense. The trial court denied counsel's request for a continuance, noting that the case had been reset fifteen times in the past two years and counsel still had time to secure an expert witness. The jury was then selected.

During trial, the jury heard testimony from twenty witnesses, including testimony from Fisher. During Fisher's cross-examination, the prosecutor referenced a polygraph examination Fisher had taken during her interview with police officers at the San Antonio Police Department. Because the trial court had previously instructed the State not to mention the polygraph examination, defense counsel asked for a bench conference, and the jury was removed from the courtroom. During the conference, defense counsel moved for a mistrial, arguing the State violated the trial court's instruction not to mention the polygraph examination. The trial court offered to give a curative instruction; however, defense counsel declined the instruction, stating an instruction to disregard the State's reference to the polygraph examination would not cure the harm

cause by the reference. The trial court ultimately denied defense counsel's motion for a mistrial, and the case continued.

After a four-day trial, the jury found Fisher guilty of injury to a child, and the trial court sentenced Fisher to twenty years' imprisonment. Fisher then perfected this appeal.

## ANALYSIS

On appeal, Fisher raises two points of error. She first argues she was denied effective assistance of counsel because her defense counsel failed to provide an expert witness to examine the medical records regarding her son's injuries or to rebut the State's expert witness. In addition to her ineffective assistance of counsel claim, Fisher contends the trial court erred in denying her motion for mistrial because a curative instruction would not have cured the harm caused by the State's reference to the polygraph examination she took at the police department.

### *Ineffective Assistance of Counsel*

As indicated above, Fisher argues she was denied effective assistance of counsel because her defense counsel failed to secure an expert witness to examine her son's medical records regarding his injuries or to rebut the State's expert witness. For support, Fisher relies on *Ex Parte Briggs*, 187 S.W.3d 458 (Tex. Crim. App. 2005), arguing that in cases involving injuries sustained by a child, defense counsel is required to have an expert witness and failure to provide an expert witness amounts to ineffective assistance of counsel.

#### *Standard of Review and Applicable Law*

The standard for evaluating claims of ineffective assistance of counsel is set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail on a claim of ineffective assistance of counsel, the defendant must establish by a preponderance of the evidence that: (1) counsel's performance was so deficient as to fall below an objective standard of reasonableness; and (2) there is a reasonable probability that but for counsel's unprofessional errors, the result of the

proceeding would have been different. *Prine v. State*, 537 S.W.3d 113, 116 (Tex. Crim. App. 2017) (citing *Strickland*, 466 U.S. at 687); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999) (same). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceeding. *Thompson*, 9 S.W.3d at 812. To determine whether counsel's performance was deficient, we look to the totality of the representation and the particular circumstances of the case. *Id.* at 813. Our review of counsel's performance is highly deferential and we indulge a strong presumption that counsel's conduct fell within a wide range of reasonable representation. *Id.* Moreover, any allegations of ineffectiveness must be firmly founded in the record, and in cases where the record is silent as to counsel's strategy, we will not conclude counsel rendered ineffective assistance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005); *Thompson*, 9 S.W.3d at 814 n.6.

*Application*

Here, Fisher relies on *Ex Parte Briggs* for the proposition that her counsel's failure to secure an expert witness to investigate her son's medical records and rebut the State's expert witness constituted ineffective assistance. *See* 187 S.W.3d at 458. However, Fisher is incorrect in her assertion that *Ex Parte Briggs* stands for the proposition that the failure to secure an expert witness in an injury to a child case automatically renders counsel to be ineffective.

In that case, Briggs had pled guilty to injury to a child, and in a post-conviction writ of habeas corpus, Briggs argued her retained trial counsel was ineffective because he failed to hire an expert witness to examine the child victim's medical records. *Id*. at 460. According to Briggs, her counsel advised her that he would need to hire an expert witness to review the child victim's injuries; however, counsel did not hire an expert witness because Briggs failed to pay him for one. *Id.* at 466. The Texas Court of Criminal Appeals held that counsel's decision not to hire an expert

to investigate the child's medical records was ineffective because it was based on an *economic* decision as opposed to a *strategic* decision. *Id.* at 467 (emphasis added). The court reasoned counsel's financial decision not to hire an expert had nothing to do with "the obvious need to develop evidence concerning [the child's] medical history" and "did not reflect reasonable professional judgment." *Id.* at 469. Therefore, under those particular circumstances, counsel's performance was deemed deficient. *Id.*

Here, however, there is nothing in the record indicating counsel's decision not to hire an expert was based on an economic reason. *See id*. at 467. Rather, the record remains silent as to counsel's reason for foregoing the decision to secure an expert witness. A review of the record shows that prior to trial, defense counsel moved for a continuance under the mistaken belief that *Ex Parte Briggs* required him to retain an expert witness. Counsel added, however, that he reviewed the child's medical records and he did not believe he needed an expert to establish his defense. Moreover, the record reflects that after the trial court denied his request for a continuance, the trial court pointed out counsel still had time to secure an expert witness if he believed he needed one. The case continued, and at no point did Fisher's counsel call an expert witness. In absence of anything to the contrary, we must presume counsel's conduct fell within a wide range of reasonable representation. *See Thompson*, 9 S.W.3d at 813. Thus, based on these particular circumstances, we conclude there is nothing in the record establishing counsel's decision not to secure an expert fell below an objective standard of reasonableness. *See Prine*, 537 S.W.3d at 116; *Thompson*, 9 S.W.3d at 812.

As a final subpoint, Fisher also contends her counsel's performance was deficient because her counsel did not object to certain pieces of evidence admitted by the State or ask the State's witnesses more questions during cross-examination. Fisher further points out that in some cases, her counsel chose not to cross-examine certain witnesses at all. Again, the record is silent as to

why counsel decided not to object to certain pieces of evidence or ask certain witnesses questions. As pointed out above, where the record is silent as to trial counsel's strategy, we must presume counsel's conduct fell within the wide range of reasonable professional assistance. *See Thompson*, 9 S.W.3d at 813. Accordingly, we hold Fisher has failed to overcome the presumption that her counsel's conduct fell within a wide range of reasonable representation and overrule Fisher's ineffective of assistance of counsel point of error. *See id.*

### Denial of Motion for Mistrial

In her final point of error, Fisher contends the trial court erred in denying her motion for mistrial. According to Fisher, the trial court should have granted her motion for mistrial because the State violated the trial court's instruction not to mention the polygraph examination she took at the police department and a curative instruction would not have cured the harm caused by the State's reference. The State, however, contends Fisher waived this point of error by declining the curative instruction offered by the trial court.

### Standard of Review and Applicable Law

We review a trial court's ruling denying a motion for mistrial under an abuse of discretion standard, and we will uphold the ruling so long as it was within the zone of reasonable disagreement. *Coble v. State*, 330 S.W.3d 253, 292 (Tex. Crim. App. 2010). "A mistrial is required only when the impropriety is 'clearly prejudicial to the defendant and is of such character as to suggest the impossibility of withdrawing the impression produced on the minds of the jurors.'" *Martines v. State*, 371 S.W.3d 232, 250 (Tex. App.—Houston [1st Dist.], no pet.) (quoting *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999)). In general, the asking of an improper question alone will rarely call for a mistrial. *Hernandez v. State*, 805 S.W.2d 409, 413 (Tex. Crim. App. 1990). In most cases, any harm caused by such a question will be cured by an instruction to disregard the question. *Id*. at 413–14. When the movant does not request a lesser

remedy, we will not reverse the trial court's judgment if the problem could have been cured by a less drastic alternative. *Ocon v. State*, 284 S.W.3d 880, 885 (Tex. Crim. App. 2009); *see Lee v. State*, 549 S.W.3d 138, 145 (Tex. Crim. App. 2018) ("We agree that if a curative instruction would have sufficed, it cannot be said that the trial court abused its discretion to deny Appellant's final mistrial request.").

Turning to polygraph examinations, the existence and results of polygraph examinations are inadmissible for any purpose in a criminal proceeding on proper objection due to their inherent unreliability and tendency to be unduly persuasive. *Martines*, 371 S.W.3d at 250. However, the mere mention of a polygraph examination does not automatically constitute reversible error. *Id.* (citing *Tennard v. State*, 802 S.W.2d 678, 683 (Tex. Crim. App. 1990)); *Jasso v. State*, 112 S.W.3d 805, 814 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd). In general, when a polygraph examination is mentioned, but the results of which are not revealed, an instruction to disregard the reference is sufficient to cure any error. *Martines*, 371 S.W.3d at 251; *Jasso*, 112 S.W.3d at 814. On the other hand, if the results are revealed to the jury, then an instruction to disregard alone is insufficient to cure any harm and we must conduct a harm analysis to determine whether the error merits reversal. *Jasso*, 112 S.W.3d at 814.

*Application*

We begin our analysis by determining whether the examination results were revealed to the jury. *See id.* During cross examination, the State asked Fisher on what date did she take her son to the hospital for an ear infection. The exchange went as follows:

> [The State:] Okay. So what was the date of the ear infection?
> [Fisher:] I can't recall the date. I can't give a certain date. I can't remember.
> [The State:] If it's in the medical records that it was January 10th, would that be accurate?
> [Fisher:] If it's in the records, then that could be accurate.
> [The State:] Okay. But didn't you tell the polygraph – I'm sorry – the – Sierra's –

At that point, defense counsel objected and requested a bench conference. During the bench conference, the trial court offered to cure any error caused by the State's reference to the polygraph examination; however, Fisher declined.

In this case, a review of the record reflects that although the polygraph examination was mentioned, no results were revealed to the jury. Thus, an instruction to disregard the reference would have been sufficient to cure any error caused by the State's reference. *See Martines*, 371 S.W.3d at 251; *Jasso*, 112 S.W.3d at 814. Moreover, the trial court tried to cure any harm to the reference by immediately offering a curative instruction. Accordingly, because an instruction to disregard the reference would have been sufficient to cure any error, we hold the trial court did not abuse its discretion in denying Fisher's request for a mistrial. *See Ocon*, 284 S.W.3d at 885; *Martines*, 371 S.W.3d at 251; *Jasso*, 112 S.W.3d at 814. We therefore overrule Fisher's final point of error.

## CONCLUSION

Based on the foregoing, we overrule Fisher's two points of error and affirm the judgment of the trial court.

Marialyn Barnard, Justice

Do Not Publish