

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00124-CR

Aaron Nathaniel **VASQUEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2017CR5894
Honorable Raymond Angelini, Judge Presiding

Opinion by:    Irene Rios, Justice

Sitting:    Patricia O. Alvarez, Justice
Irene Rios, Justice
Beth Watkins, Justice

Delivered and Filed: October 23, 2019

AFFIRMED AS MODIFIED

Aaron Nathaniel Vasquez was convicted by a jury of unlawful possession of a firearm by a felon. The sole issue presented on appeal is whether trial counsel rendered ineffective assistance of counsel. In a footnote, Vasquez also requests that this court modify the trial court's judgment because he did not plead true to the enhancement allegation in the indictment. We modify the trial court's judgment as requested and affirm the judgment as modified.

## BACKGROUND

Police officers were dispatched to an apartment complex in response to a domestic disturbance call in which it was reported that Vasquez pointed a gun at the complainant. Vasquez was described as a Hispanic male wearing a dark blue t-shirt and carrying a white laundry basket. The gun was described as having a red handle.

The officers approached Vasquez, who matched the description, and handcuffed him based on the report that he was in possession of a gun. One of the officers searched Vasquez's backpack and found a magazine to a gun. After the magazine was found, another officer shook Vasquez's pants leg while frisking him, and a handgun with a red handle fell from the pants leg.

Based on the evidence presented, a jury found Vasquez guilty of unlawful possession of a firearm by a felon. The trial court sentenced Vasquez to four years' imprisonment.

## APPLICABLE LAW

"To prevail on a claim of ineffective assistance of counsel, the [appellant] must show that counsel's performance was deficient and that the deficient performance prejudiced the defense." *Prine v. State*, 537 S.W.3d 113, 116 (Tex. Crim. App. 2017) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "Unless appellant can prove both prongs, an appellate court must not find counsel's representation to be ineffective." *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). "In order to satisfy the first prong, appellant must prove, by a preponderance of the evidence, that trial counsel's performance fell below an objective standard of reasonableness under the prevailing professional norms." *Id*. "To prove prejudice, appellant must show that there is a reasonable probability, or a probability sufficient to undermine confidence in the outcome, that the result of the proceeding would have been different." *Id*.

"An appellate court must make a strong presumption that counsel's performance fell within the wide range of reasonably professional assistance." *Id*. (internal quotation marks omitted). "In

order for an appellate court to find that counsel was ineffective, counsel's deficiency must be affirmatively demonstrated in the trial record; the court must not engage in retrospective speculation." *Id*. "Trial counsel should generally be given an opportunity to explain his actions before being found ineffective." *Prine*, 537 S.W.3d at 117. "In the face of an undeveloped record, counsel should be found ineffective only if his conduct was so outrageous that no competent attorney would have engaged in it." *Id*. (internal quotation marks omitted). The Texas Court of Criminal Appeals "has repeatedly stated that claims of ineffective assistance of counsel are generally not successful on direct appeal and are more appropriately urged in a hearing on an application for a writ of habeas corpus." *Lopez*, 343 S.W.3d at 143.

## ANALYSIS

Vasquez first contends trial counsel was ineffective for failing to explain to him why he was not requesting a hearing on Vasquez's *pro se* motion to suppress. Vasquez also contends trial counsel was ineffective in failing to object to the following comment made by the trial court during trial counsel's voir dire of the jury:

> [Trial counsel]: And, lastly, as the Judge explained to you, you're serving your country by doing this. But there's also — your obligation for being here — you have an obligation — you're here and your obligation is to decide — okay. It's to decide. It's not necessarily to arrive at a verdict. You don't have to pigeonhole all this information y'all get when the evidence comes out into guilty or not guilty.
>
> There's a thing called mistrial. You cannot figure out — all 12 of you cannot say he's definitely guilty, he's definitely not guilty. So your — again, your obligation is to decide.
>
> You understand what I mean? It's to decide. It's not necessarily to arrive at a verdict.
>
> Is that something that's surprising to y'all? Is there anybody there who feels that you have to come up with either a not guilty or a guilty?
>
> THE COURT: If you're going to be on the jury, you're going to come up with one of those two.
>
> [Trial counsel]: Again, your obligation is to decide.

Vasquez next contends trial counsel was ineffective in failing to object to the following statement made by one of the officers:

Q. What was the nature of the disturbance you were dispatched for?
A. It was a domestic disturbance. We were informed that — that the Defendant had a — pointed a gun at the complainant.

In his brief, Vasquez asserts, "Although it was relevant that Mr. Vasquez was believed to have a weapon, the notion that he pointed a gun at anyone was clearly calculated to inflame the jury against him." Vasquez further asserts trial counsel allowed the trial court to do his work for him when the State asked what information the officer had to assist the search, and the trial court interrupted to ask where the State was "going with this," asserting "[t]his is all hearsay." After the trial court's question, the prosecutor responded he would "move on." Finally, Vasquez contends trial counsel was again ineffective in making the trial court do his work for him when the trial court instructed the State to mute any portions of the body cam video that contained questioning of Vasquez, who had not been read his *Miranda* warnings.

In its brief, the State speculates regarding the reasons trial counsel chose not to take the challenged actions. The Texas Court of Criminal Appeals, however, has instructed that this court "must not engage in retrospective speculation." *Lopez*, 343 S.W.3d at 142. In this case, the record is silent regarding the reasons trial counsel failed to take the actions Vasquez contends he should have taken. Instead, we are left with the "strong presumption that counsel's performance fell within the wide range of reasonably professional assistance." *Id*. And, having examined each of Vasquez's contentions in the context of the entire record, we cannot conclude trial counsel's conduct "was so outrageous that no competent attorney would have engaged in it." *Prine*, 537 S.W.3d at 117.

Even if this court were to conclude the record supported a finding of deficient performance, Vasquez was required to satisfy the second prong of the test by showing "there is a reasonable probability, or a probability sufficient to undermine confidence in the outcome, that the result of the proceeding would have been different." *Lopez*, 343 S.W.3d at 142. With regard to this prong,

Vasquez's brief alludes to trial counsel presenting the jury with the impression that he was inept. Vasquez does not, however, explain how the result of the proceeding would have been different absent this alleged impression. Vasquez was wearing the clothes and carrying the white laundry basket described by the complainant, and a handgun with a red handle fell from his pants leg when he was being frisked. Although Vasquez contends trial counsel did not adequately explain to him why trial counsel was not pursuing the *pro se* motion to suppress, Vasquez does not contend trial counsel was ineffective in not requesting a hearing on the motion.[1] Finally, in two of his complaints, Vasquez concedes the trial court intervened, thereby preventing the jury from hearing the evidence Vasquez argues was objectionable.

## CONCLUSION

Because Vasquez failed to meet his burden to establish trial counsel rendered ineffective assistance of counsel, his sole issue on appeal is overruled. We modify the judgment to remove the plea of true to the enhancement allegation and affirm the trial court's judgment as modified.

Irene Rios, Justice

DO NOT PUBLISH

---

[1] In his brief, Vasquez asserts he was not contending trial counsel was ineffective in not requesting a hearing because, "There is nothing in the record to indicate what an evidentiary hearing would have produced."