

## Fourth Court of Appeals
### San Antonio, Texas

### MEMORANDUM OPINION

No. 04-21-00546-CR

Raul Antonio **MEDEL**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2019-CR-6567
Honorable Frank J. Castro, Judge Presiding

Opinion by:  Luz Elena D. Chapa, Justice

Sitting:  Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice
Lori I. Valenzuela, Justice

Delivered and Filed: March 22, 2023

AFFIRMED

A jury found appellant Raul Antonio Medel guilty of robbery and sentenced him to fifty-five years' confinement. In two issues, Medel contends he received ineffective assistance of counsel, and the trial court erred by denying his motion for directed verdict. We affirm the trial court's judgment.

### BACKGROUND

San Antonio police officers arrested Medel after investigating a robbery at a local Subway sandwich shop. Police had been dispatched to the shop after receiving an alert from a panic button

indicating a robbery was in progress. When the police arrived, the Subway manager had detained Medel. According to the Subway manager, he saw Medel running from the shop with a Subway bag, and he ran after Medel and restrained him until police arrived.

At trial, the jury heard testimony from several witnesses, including a San Antonio detective who investigated the case, the Subway manager who had detained Medel, and two Subway customers who were present during the robbery. The jury also saw surveillance video from the shop showing a man in a hooded sweatshirt approach the cash register and a Subway clerk hurriedly putting money into a Subway bag and giving it to the man.

A court-appointed attorney represented Medel during most of the trial until Medel requested to represent himself. Specifically, when the State was about to call its last witness—Detective Jesse Castillo—Medel told the trial court he would like to proceed pro se with the guidance of his court-appointed attorney. The trial court admonished Medel regarding the risks of representing himself, including losing his right to raise an ineffective assistance of counsel claim on appeal. Medel acknowledged these risks and maintained he wanted to pursue the trial pro se. The State proceeded to call the detective, who testified the Subway clerk had identified Medel as the robber. When the State rested, Medel moved for a directed verdict, arguing the Subway clerk identifying him was not present at trial. The trial court denied Medel's motion, and the case continued. The jury ultimately found Medel guilty of robbery and sentenced him to fifty-five years' confinement. This appeal followed.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Medel first contends he received ineffective assistance because his trial counsel failed to object or move for a directed verdict when the trial court violated his Sixth Amendment right to confrontation. According to Medel, the trial court violated his right to confrontation by allowing Detective Castillo to testify about the Subway clerk's out-of-court identification of him. The State

counters by arguing Medel forfeited his claim of ineffective assistance when he chose to represent himself.

### *Standard of Review and Applicable Law*

We review an ineffective assistance of counsel claim under the well-established standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, "a defendant must demonstrate two things: deficient performance and prejudice." *Miller v. State*, 548 S.W.3d 497, 499 (Tex. Crim. App. 2018). To establish deficient performance, a defendant must prove by a preponderance of the evidence his counsel's performance fell below an objective standard of reasonableness. *Prine v. State*, 537 S.W.3d 113, 116-17 (Tex. Crim. App. 2017). We apply a highly deferential level of scrutiny when reviewing counsel's performance. *Mata v. State*, 226 S.W.3d 425, 428 (Tex. Crim. App. 2007). A defendant must overcome a "strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance" and "constituted sound trial strategy." *Prine*, 537 S.W.3d at 117 (quoting *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999)).

To overcome this presumption, "'[a]ny allegation of ineffectiveness must be firmly founded in the record and the record must affirmatively demonstrate the alleged ineffectiveness.'" *Id*. (alteration in original) (quoting *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996)). The record in a direct appeal is often insufficient to establish an ineffective assistance claim, and when faced with an undeveloped record, we should conclude ineffective assistance occurred only if counsel's conduct is "'so outrageous that no competent attorney would have engaged in it.'" *Id*. (quoting *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005)).

To show prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine

confidence in the outcome." *Id*. Failure to show either deficient performance or prejudice defeats an ineffective assistance of counsel claim. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

### *Application*

Here, it is undisputed Medel elected to represent himself before Detective Castillo testified. When Medel expressed his desire to proceed pro se, the trial court admonished him regarding such representation, and specifically told him he would lose his right to raise an ineffective assistance of counsel claim on appeal. Medel acknowledged these risks and decided to continue pro se. "[W]hen a convicted defendant has insisted upon self-representation, any subsequent claim of ineffective assistance of counsel is not to be considered." *Perez v. State*, 261 S.W.3d 760, 766 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd) (citing *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975)). Accordingly, by choosing to represent himself, Medel forfeited any subsequent ineffective assistance of counsel claim, including his claim he received ineffective assistance because his trial counsel did not object to move for a directed verdict after Detective Castillo's testimony. *See id*; *see also Rodriguez v. State*, 491 S.W.3d 18, 29 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd) (holding defendant cannot meet his burden on ineffective assistance of counsel claim because he forfeited claim when he proceeded pro se); *Griffis v. State*, 441 S.W.3d 599, 608 (Tex. App.—San Antonio 2014, pet. ref'd) (holding defendant, who chooses to represent himself, may not attack standby counsel by raising ineffective assistance claim). We therefore overrule Medel's first issue.

### MOTION FOR DIRECTED VERDICT

Medel next asserts the trial court erred by denying his pro se motion for directed verdict. According to Medel, he moved for a directed verdict after Detective Castillo testified because the detective's testimony regarding the Subway clerk's out-of-court identification of him violated his

Sixth Amendment right to confrontation. The State responds by contending Medel inadequately briefed this issue, and therefore, he waived it.

### *Standard of Review and Applicable Law*

We consider an appellate complaint regarding the denial of a motion for directed verdict as a challenge to the legal sufficiency of the evidence. *Orellana v. State*, 381 S.W.3d 645, 652 (Tex. App.—San Antonio 2012, pet. ref'd); *Tovar v. State*, 165 S.W.3d 785, 789 (Tex. App.—San Antonio 2005, no pet.) (citing *Williams v. State*, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996)). When evaluating the sufficiency of the evidence, we view all the evidence in the light most favorable to the verdict to determine whether a rational factfinder could have found the essential elements of the crime beyond a reasonable doubt. *Orellana*, 381 S.W.3d at 652–53. We do not reweigh the evidence or assess the credibility of the witnesses because the factfinder has the sole duty to make such determinations. *Id*. at 653 (citing *King v. State*, 29 S.W.3d 556, 562 (Tex. Crim. App.2000) and *Lancon v. State*, 253 S.W.3d 699, 707 (Tex. Crim. App. 2008)). A criminal offense, including the identity of the alleged perpetrator, may be proven by circumstantial evidence. *Id.*

### *Application*

Here, the trial court's question when ruling on a motion for directed verdict was not whether Detective Castillo's testimony regarding out-of-court statements made by the Subway clerk violated Medel's Sixth Amendment right to confrontation, but rather whether there was sufficient evidence to support a conviction. *See id.* at 652; *see also Carroll v. State*, No. 14-14-00178-CR, 2015 WL 4984961, at *4–*5 (Tex. App.—Houston [14th Dist.] Aug. 20, 2015, no pet.) (mem. op., not designated for publication) (clarifying the trial court's question as a sufficiency question when ruling on motion for directed verdict). Medel, however, fails to explain how the evidence was insufficient to support his conviction. Instead, he asserts the trial court erred by

failing to grant his motion for directed verdict based on a confrontation challenge. A challenge to the denial of a motion for directed verdict is not the appropriate vehicle for challenging a violation of one's right to confrontation. *See Carroll*, 2015 WL 4984961, at *4. "To preserve error on Confrontation Clause grounds, an objection must be made at trial as soon as the basis for the objection becomes apparent." *Torres v. State*, 424 S.W.3d 245, 256 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd). Here, Medel did not make an objection to Detective Castillo's testimony on the basis it violated his Sixth Amendment right to confrontation. Accordingly, rather than concluding Medel's argument is inadequately briefed, we conclude Medel's attempt to raise a confrontation claim in his motion for directed verdict was untimely and error was not preserved. *See id*. We therefore overrule Medel's second issue.

## CONCLUSION

Based on the foregoing, we affirm the trial court's judgment.

Luz Elena D. Chapa, Justice

Do Not Publish