

# Fourth Court of Appeals

## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00752-CR

Beau Allen **GARRETT**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 21-0051-CR-C
Honorable William D. Old III, Judge Presiding

Opinion by:      Rebeca C. Martinez, Chief Justice

Sitting:         Rebeca C. Martinez, Chief Justice
                 H. Todd McCray, Justice
                 Velia J. Meza, Justice

Delivered and Filed: October 1, 2025

AFFIRMED

Appellant Beau Allen Garrett appeals the trial court's judgment revoking his community supervision, adjudicating him guilty of sexual assault of a child, a second-degree felony, *see* TEX. PENAL CODE ANN. § 22.011, and sentencing him to ten years' imprisonment. In two issues, Garrett argues that: (1) the trial court erred in failing to inquire into the voluntariness of his plea; and (2) he was rendered ineffective assistance of counsel. We affirm.

## I. BACKGROUND

In January 2021, Garrett was indicted on one count of sexual assault of a child. Garrett entered an open plea of guilty, received deferred adjudication, and was placed on community supervision for ten years. In March 2024, the State filed a motion for adjudication of guilty, citing thirteen community supervision terms and conditions that Garrett allegedly violated. Ten of the alleged violations related to Garrett's failure to pay various fees and costs. The remaining three alleged violations were that Garrett: (1) was unsuccessfully discharged from an approved sex offender treatment program; (2) failed to register with a designated law enforcement authority regarding his present and future residences; and (3) relocated out of the county without court approval. At the hearing on the State's motion, Garrett's counsel argued:

> [W]e would be asking that — respectfully requesting that the Court consider placing Mr. Garrett back on probation, back on his deferred community supervision. If that would not be acceptable to the Court, we would be asking, in the alternative, that Mr. Garrett — Mr. Garrett's community supervision be revoked and reformed to a *straight probation*.

(Emphasis added). Garrett then testified that the violations occurred because he had a strained relationship with his father and financial difficulties that caused him to become homeless. On the same day as the hearing, Garrett signed a stipulation and judicial confession wherein he pleaded true to all thirteen alleged violations.

The trial court revoked Garrett's community supervision, adjudicated him guilty of sexual assault of a child, and sentenced him to ten years' imprisonment. Garrett timely appeals.

## II. VOLUNTARINESS

In Garrett's first issue, he emphasizes that his trial counsel misstated Texas law by requesting "straight probation" in the event that the trial court adjudicated his guilt. Garrett and the State agree that, if the trial court adjudicated him guilty, he would be ineligible for community

supervision. *See* Tex. Code Crim. Proc. Ann. art. 42A.054(a)(8) ("Article 42A.053 does not apply to a defendant adjudged guilty of an offense under: . . . Section 22.011, Penal Code (Sexual Assault)[.]"). Garrett contends that the due process protections in the United States and Texas Constitutions obligated the trial court to inquiry into the voluntariness of the stipulation and judicial confession he had signed when it heard that his trial counsel mistakenly believed he was eligible for community supervision upon adjudication. The State responds by arguing that Garrett's first issue is unpreserved.

In *Thomas v. State*, 683 S.W.3d 889, 892–93 (Tex. App.—San Antonio 2024, no pet.), the appellant argued that his plea of "not true" to allegations he violated certain terms of his community supervision was involuntary. We held:

> To the extent that an appellant complains that a "not guilty" or "not true" plea was involuntary due to bad advice of counsel, that complaint must be evaluated under the framework of ineffective assistance of counsel. On its own merit, the voluntariness of a "not guilty" or "not true" plea is not appealable.

*Id*. at 893 (citations omitted). Accordingly, we overrule Garret's first issue.

### III. Ineffective Assistance of Counsel

In Garrett's second issue, he argues that his trial counsel was ineffective because he mistakenly believed that the trial court could adjudicate him guilty and sentence him to "straight probation." Garrett also argues that his trial counsel deprived him "of the ability to negotiate any sort of agreed recommendation." The State responds by arguing that Garrett's "primary request was that [he] remain on deferred adjudication, which the trial court had the power to do." The State also argues that the record is silent regarding any plea offers or any negotiations.

In the context of a claim that the defendant's plea is involuntary due to ineffective assistance of counsel, the defendant must show that (1) trial counsel's advice was outside the range of competency demanded of attorneys in criminal cases and (2) but for trial counsel's erroneous

advice, the defendant would not have pleaded true. *Ex parte Moody*, 991 S.W.2d 856, 857–58 (Tex. Crim. App. 1999). "Trial counsel should generally be given an opportunity to explain his actions before being found ineffective." *Prine v. State*, 537 S.W.3d 113, 117 (Tex. Crim. App. 2017). "In the face of an undeveloped record, counsel should be found ineffective only if his conduct was so outrageous that no competent attorney would have engaged in it." *Id*. (internal quotation marks omitted).

In this case, the record is underdeveloped. *See id*. The record contains no evidence of any plea negotiations. It also lacks any evidence that would support a "not true" finding regarding the thirteen community supervision terms and conditions that the State alleged Garrett violated. On this record, we cannot hold that the conduct of Garrett's trial counsel was so outrageous that no competent attorney would have engaged in it. *Id*. We overrule Garrett's second issue.

## IV. CONCLUSION

We affirm the trial court's judgment.

Rebeca C. Martinez, Chief Justice

DO NOT PUBLISH