**AFFIRMED as MODIFIED and Opinion Filed April 11, 2022**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-20-00211-CR

**CYZE RODGERS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 265th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1875588-R**

## MEMORANDUM OPINION
Before Justices Molberg, Nowell, and Goldstein
Opinion by Justice Goldstein

Appellant appeals his conviction of attempted arson. *See* TEX. PENAL CODE ANN. §§ 15.01, 28.02. In three issues, appellant contends: (1) the trial court erred by taking judicial notice of his probation file, (2) his counsel's failure to request a continuance constituted ineffective assistance, and (3) the judgment of conviction should be modified to reflect that there was no plea bargain agreement. The State concedes the third issue. We modify the judgment and affirm as modified.

### BACKGROUND

Appellant was indicted for attempted arson in June 2018. With the assistance of court-appointed counsel, appellant judicially confessed to the charge and entered

into a plea agreement with the State. At a hearing on November 13, 2018, the trial court accepted the plea agreement and entered an order of deferred adjudication conditioned on his compliance with certain terms of community supervision. Among other things, the terms included that appellant must report to the Dallas County Community Supervision and Corrections Department (CSCD) when directed and "participate in a domestic violence treatment program (BIPP)" within sixty days from referral.[1]

On May 3, 2019, the State filed a motion to revoke probation and proceed with an adjudication of guilt. In the motion, the State alleged that appellant failed to comply with several conditions of his community supervision. The State amended the motion on July 22, 2019, adding several new allegations of non-compliance. Relevant here, the amended motion alleged, in paragraphs (7) and (12), that:

> 7. [Appellant] failed to report to the Supervision Officer as directed for the months/weeks of 12/6/18, 1/23/19, 1/31/19, 2/27/19, 3/1/19, 3/4/19, 3/13/19, 3/27/19, 4/23/19; and any month thereafter[; and]
>
> . . . .
>
> 12. [Appellant] failed to participate in a Domestic Violence Treatment program (BIPP) through a court-approved resource[.]

Appellant pled not true to the allegations. On February 11, 2020, the trial court held a hearing on the motion. For the purposes of the hearing, the State withdrew all

---

[1] BIPP stands for "Battering Intervention and Prevention Program," and is a program "designed to help prevent domestic violence." *In Interest of J.W.M.*, 153 S.W.3d 541, 545–46 and n. 2 (Tex. App.—Amarillo 2004, pet. denied).

but the allegations in paragraphs 7 and 12. The State called one witness: Chastity Bonner, a CSCD probation officer. Bonner testified that, according to department records, appellant failed to report as directed on each of the dates listed in paragraph 7. Bonner further testified that appellant failed to provide the department with documentation showing he completed the domestic violence treatment program. At the end of the hearing, the trial court found that appellant violated the terms of his community supervision, adjudicated him guilty, and orally sentenced him to two years' confinement. The same day, the trial court entered its judgment adjudicating guilt. This appeal followed.

## DISCUSSION

### I. JUDICIAL NOTICE

In his first issue, appellant contends that the trial court erred in taking judicial notice of his probation file over his objection. He argues the facts in the probation file were neither generally known within the trial court's territorial jurisdiction nor accurately and readily determinable and were therefore not subject to judicial notice *See* TEX. R. EVID. 201. The State responds that this issue was not properly preserved because appellant's grounds for objecting at trial did not comport with his argument on appeal. We agree with the State.

A timely, specific objection and ruling by the trial court, or refusal to rule, is generally required in order to preserve a complaint for appellate review. *See* TEX. R. APP. P. 33.1 (a)(2); *Mendez v. State*, 138 S.W.3d 334, 341 (Tex. Crim. App.

2004). "The two main purposes of requiring a specific objection are to inform the trial judge of the basis of the objection so that he has an opportunity to rule on it and to allow opposing counsel to remedy the error." *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012). To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context. *See* TEX. R. APP. P. 33.1(a)(1). The party's complaint in the trial court must comport with its complaint on appeal. *Clark*, 365 S.W.3d at 339; *see also, e.g.*, *Swain v. State*, 181 S.W.3d 359, 367 (Tex. Crim. App. 2005) (en banc) (error not preserved where appellant's trial objection on grounds that offered evidence was fruit of illegal arrest did not comport with his complaint on appeal that the evidence was fruit of violation of his right to counsel). If an issue has not been preserved for appeal, nothing is presented for appellate review, and we should not address it. *Clark*, 365 S.W.3d at 339; *see also Sterling v. State*, 800 S.W.2d 513, 521 (Tex. Crim. App. 1990) ("Generally, error must be presented at trial with a timely and specific objection, and any objection at trial which differs from the complaint on appeal preserves nothing for review.").

Here, appellant's trial counsel objected to the trial court taking judicial notice of appellant's probation file but did not argue that the facts in the file were not in the trial court's territorial jurisdiction or readily determinable from sources whose accuracy cannot be reasonably questioned. We must therefore determine whether

these arguments were apparent from the context. *See* TEX. R. APP. P. 33.1(a)(1).

During Bonner's testimony, the State asked whether CSCD keeps a file on each individual probationer, whether the records are kept in the normal course of business, and whether the entries are made by someone with knowledge of an event at or near the time the event occurs. Bonner answered "yes" to all three questions. The State then requested that the trial court take judicial notice of appellant's probation file. In response, appellant requested to take Bonner on voir dire, which the trial court granted. The following constitutes the entirety of the voir dire examination:

Q. Ms. Bonner, so basically what you're attesting to is that these are records not kept personally by you, correct?

A. Correct.

Q. And, in fact, they're kept personally by another probation officer, correct?

A. Correct, up until May of this year --

Q. Up until May?

A. -- of last year.

Q. Okay. 2019. Okay. And you understand that these allegations are up until April 23rd, 2019, nonreporting, for instance, correct?

A. Correct.

Q. And the BIPP -- not participating in BIPP, correct?

A. Correct.

Q. And that being said, you would not have personal knowledge of whether or not he attended the BIPP program or whether or not he reported, correct?

A. I would only know what's in the record.

–5–

Q. Okay. And so that means you have no personal knowledge, correct?

A. Correct.

Q. Okay. Thank you.

Appellant then lodged his objection as "to any additional notice of the contents of the file and reporting."

While the context is not clear, we discern a challenge to a lack of personal knowledge of the proffered custodian of records and tangentially a hearsay objection relative to the predicate for records of a regularly conducted activity. Initially, the State's questions to Bonner sought to establish that the probation file constituted records of a regularly conducted activity. *See* TEX. R. EVID. 803(6) (providing that records of an event are excepted from the hearsay rule if a custodian or other qualified witness testifies the records were made at or near the time of the event by a person with knowledge and kept in the course of a regularly conducted business activity). Appellant's questions during the voir dire examination were directed at Bonner's personal knowledge and status as custodian of the records in 2018 and 2019 when the entries were made of appellant's failure to report to CSCD. On this record, we conclude that appellant's arguments on appeal (based on requirements for judicial notice) do not comport with his trial objection (based on additional notice of the contents of the file and reporting, or hearsay) and was therefore not properly

preserved. *See* TEX. R. APP. P. 33.1(a); *Clark*, 365 S.W.3d at 339; *Swain*, 181 S.W.3d at 367.[2]

We overrule the first issue.

## II.   INEFFECTIVE ASSISTANCE

In his second issue, appellant complains that his counsel's failure to request a continuance deprived him of his constitutional right to effective counsel. *See Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011) (citing U.S. CONST. amend. VI). The proper standard for determining claims of ineffective assistance under the Sixth Amendment is the two-pronged standard adopted by the United States Supreme Court in *Strickland*. *Jackson v. State*, 877 S.W.2d 768, 770–71 (Tex. Crim. App. 1994) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). The two prongs are "deficient performance" and "sufficient prejudice." *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Failure to satisfy either prong under *Strickland* is fatal to an ineffective-assistance claim. *Perez v. State*, 310 S.W.3d 890, 893 (Tex. Crim. App. 2010).

Under the performance prong, the defendant must show by a preponderance of the evidence that his counsel was ineffective. *Thompson*, 9 S.W.3d at 813. We examine the totality of representation to determine whether the defendant received effective assistance. *Id.* Our review of counsel's representation is highly deferential;

---

[2] We further note that even if preserved, there is no error as appellants failed to challenge Bonner's testimony on the contents of the file.

we presume that counsel's conduct fell within a wide range of reasonable representation. *Villa v. State*, 417 S.W.3d 455, 463 (Tex. Crim. App. 2013). Under the sufficient-prejudice prong, the defendant must show that counsel's deficient performance prejudiced the defense. *Jackson*, 877 S.W.2d at 771. To meet this burden, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

At the time of the hearing below, appellant had a criminal case pending in federal court. Appellant argues that the failure to request a continuance deprived him of the opportunity to testify on his own behalf because his testimony could have incriminated him in the federal case. The State responds that counsel's failure to request a continuance was not unreasonable because the case had already been continued several times and the hearing was being held at the trial court's insistence. The State argues that these facts also show the trial court was unlikely to grant a continuance and therefore appellant was not prejudiced.

We conclude the record here is insufficient to show deficient performance. In reviewing an ineffective-assistance claim, we do not judge counsel's strategic decisions in hindsight, and we strongly presume counsel's competence. *Prine v. State*, 537 S.W.3d 113, 117 (Tex. Crim. App. 2017). We will not speculate to find defense counsel ineffective. *Id.* We will inquire into counsel's trial techniques only

when there appears to be no plausible basis in strategy or tactics for counsel's actions. *Villa*, 417 S.W.3d at 463. If there is no record of trial counsel's explanation for the conduct in question, we "assume a strategic motive if any can be imagined and find counsel's performance deficient only if the conduct was so outrageous that no competent attorney would have engaged in it." *Andrews v. State*, 159 S.W.3d 98, 101 (Tex. Crim. App. 2005). For this reason, a direct appeal—where the record is generally undeveloped on these issues—rarely provides the proper vehicle for asserting a *Strickland* claim, which must be firmly grounded in and affirmatively demonstrated by the record. *Prine*, 537 S.W.3d at 117; *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005).

Here, the record contains no evidence of counsel's reasons for not requesting a continuance. Further, in light of the trial court's statement that the hearing was proceeding at the court's own insistence, we cannot conclude that no competent attorney would have failed to request a continuance. *See Andrews*, 159 S.W.3d at 101. We therefore conclude that appellant has failed to satisfy the performance prong of *Strickland*. We do not reach the prejudice prong. *See Okonkwo v. State*, 398 S.W.3d 689, 693 n.3 (Tex. Crim. App. 2013) (declining to address prejudice prong where disposition of appeal was based on deficient performance).

We overrule appellant's second issue.

### III.    MODIFICATION OF THE JUDGMENT

In his third issue, appellant asks that we reform the judgment to reflect that there was no plea bargain agreement. The State agrees. This Court "has the power to correct and reform the judgment of the court below to make the record speak the truth when it has the necessary data and information to do so." *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd); *accord Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Abron v. State*, 997 S.W.2d 281, 282 (Tex. App.—Dallas 1998, pet. ref'd); *see also* TEX. R. APP. P. 43.2(b) (court of appeals may "modify the trial court's judgment and affirm it as modified").

The trial court entered its judgment adjudicating guilt on February 11, 2020. Under the heading "Terms of Plea Bargain," the judgment states: "2 YEARS INSTITUTIONAL DIVISION, TDCJ." Those were the terms of the parties' agreement immediately prior to the trial court's order of deferred adjudication. However, after the State filed its motion to adjudicate guilt, the parties did not enter into a second plea bargain agreement. We therefore sustain appellant's third issue, strike the above plea-bargain language, and replace it with "N/A."

We also note that bill of costs in this case reflects a fine of $500 assessed against appellant. The record reflects the deferred adjudication order assessed a $500 fine. But the trial court did not orally pronounce any fine when it adjudicated appellant guilty, and the judgment adjudicating guilt states "NO FINE" in the space included for the amount of the fine.

A defendant's sentence must be pronounced orally in his presence. *Taylor v. State*, 131 S.W.3d 497, 502 (Tex. Crim. App. 2004) (citing TEX. CODE CRIM. PROC. ANN. art. 42.03, § 1(a)). "The judgment, including the sentence assessed, is just the written declaration and embodiment of that oral pronouncement." *Id.* When a trial court adjudicates a defendant guilty after a prior order of deferred adjudication, the trial court must "continue as if the adjudication of guilt had not been deferred." *See* TEX. CODE CRIM. PROC. ANN. art. 42A.110(a). In deferred adjudication cases, therefore, the requirement of orally pronouncing the defendant's punishment, including any fine, must be met when the defendant's guilt is adjudicated. *See Taylor*, 131 S.W.3d at 502. A fine orally pronounced at prior deferred adjudication hearing does not satisfy the requirement because an order adjudicating guilt necessarily "sets aside the order deferring adjudication, including the previously imposed fine." *See id.*; *see also McCoy v. State*, 81 S.W.3d 917, 920 (Tex. App.—Dallas 2002, pet. ref'd) (deleting $500 fine from judgment where trial court found defendant violated terms of community supervision but did not orally restate the fine it had previously ordered).

Neither party raised this issue, but we have a duty to modify an erroneous judgment, "and such duty is not dependent upon a request by either party." *See Asberry*, 813 S.W.2d at 531. Furthermore, "we are authorized on direct appeal to order a modification of a bill of costs independent of finding an error in the trial court's judgment." *See Bryant v. State*, No. 10-18-00352-CR, 2021 WL 3191937, at

–11–

*2 (Tex. App.—Waco July 28, 2021, no pet.) (mem. op., not designated for publication) (removing unauthorized fee from bill of costs even though the judgment did not include the fee). On our own motion, therefore, we modify the bill of costs to remove the $500 fine.

## CONCLUSION

We modify the trial court's judgment to indicate there was no plea bargain agreement. We modify the bill of costs to remove the $500 fine. In all other respects, we affirm the trial court's judgment.

/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
200211F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CYZE RODGERS, Appellant

No. 05-20-00211-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1875588-R.
Opinion delivered by Justice Goldstein. Justices Molberg and Nowell participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

1. In the trial court's Judgment Adjudicating Guilt, under the heading "Terms of Plea Bargain," we **REMOVE** the words "2 YEARS INSTITUTIONAL DIVISION, TDCJ" and **INSERT** "N/A" in their place; and
2. In the trial court's bill of costs, under the entries for "FINE," we **REMOVE** the amount "500.00" and **INSERT** "0.00" in their place.

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered April 11, 2022

–13–