

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-21-00301-CR

Robert Michael Eugene **WILKINS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 198th Judicial District Court, Kerr County, Texas
Trial Court No. B20-175
Honorable M. Rex Emerson, Judge Presiding

Opinion by:     Luz Elena D. Chapa, Justice

Sitting:          Rebeca C. Martinez, Chief Justice
                 Luz Elena D. Chapa, Justice
                 Lori I. Valenzuela, Justice

Delivered and Filed: June 29, 2022

AFFIRMED AS REFORMED

A jury convicted appellant Robert Michael Eugene Wilkins of one count of sexual assault of a child, and the trial court assessed punishment at ten years' confinement. Wilkins appeals, arguing his trial counsel rendered ineffective assistance and the trial court erred in assessing attorney's fees. Because we conclude Wilkins failed to establish his trial counsel rendered ineffective assistance, but the record shows he is indigent, we reform the judgment as to attorney's fees and affirm the judgment as reformed.

## BACKGROUND

The State indicted Wilkins for two counts of sexual assault of a child, alleging Wilkins engaged in sexual intercourse with sixteen-year-old I.J. on two different dates. At trial, the jury heard testimony from I.J. and Investigator Ed Holloway from the Kerr County Police Department, and it was presented with Facebook messages between I.J. and Wilkins. The jury ultimately found Wilkins guilty of one count, and Wilkins elected sentencing by the trial court. The trial court imposed a sentence of ten years. Wilkins now appeals.

## INEFFECTIVE ASSISTANCE OF COUNSEL

In two issues, Wilkins argues his trial counsel rendered ineffective assistance by failing to make certain objections during the guilt/innocence phase of his trial. Specifically, he argues his trial counsel was ineffective because he failed to object to improper bolstering testimony made by Investigator Holloway and extraneous offense evidence revealing Wilkins sold drugs to I.J. According to Wilkins, no reasonable trial strategy exists to justify trial counsel's conduct, and as a result, trial counsel's deficient performance prejudiced him.

### *Standard of Review*

To establish ineffective assistance of counsel, a defendant must show his trial counsel's performance was deficient and the deficient performance prejudiced him. *Prine v. State*, 537 S.W.3d 113, 116 (Tex. Crim. App. 2017). A defendant demonstrates deficient performance when he proves, by a preponderance of the evidence, counsel's performance fell below an objective standard of reasonableness. *Id*. at 117. Our review of defense counsel's representation is "highly deferential," and we presume "counsel's actions fell within the wide range of reasonable and professional assistance." *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).

To overcome this presumption, an appellant must establish counsel's ineffectiveness is "firmly founded in the record." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005)

(internal quotation marks omitted). When the record contains no direct evidence of counsel's reasons for the challenged conduct, we "will assume [] counsel had a strategy if any reasonably sound strategic motivation can be imagined." *Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011). The Texas Court of Criminal Appeals has made clear, in most cases, a silent record providing no explanation for counsel's actions will not overcome the strong presumption of reasonable assistance. *See Rylander v. State*, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003); *Badillo v. State*, 255 S.W.3d 125, 129 (Tex. App.—San Antonio 2008, no pet.) ("[A] silent record on the reasoning behind counsel's actions is sufficient to deny relief."). This is because trial counsel should be afforded an opportunity to explain his actions before being denounced as ineffective. *Menefield v. State*, 363 S.W.3d 591, 593 (Tex. Crim. App. 2012). "In the face of an undeveloped record, counsel should be found ineffective *only* if his conduct was so outrageous that no competent attorney would have engaged in it." *Prine*, 537 S.W.3d at 117 (emphasis added and internal quotation marks omitted).

### *Discussion*

Here, Wilkins filed a motion for new trial, but he did not raise ineffective assistance of counsel as a ground in his motion, and he did not request a hearing on the motion. As a result, the record is silent as to trial counsel's reasons for not lodging certain objections. Therefore, to prevail on his claim, Wilkins must show his trial counsel's failure to object was so outrageous no competent attorney would have engaged in it. *See id.*

Wilkins first argues Investigator Holloway's testimony "crosses the line" when he testified he believed I.J. "was being 100 percent credible and truthful with me" when she described the incident between her and Wilkins. According to Wilkins, this testimony was inadmissible under Texas Rule of Evidence 702 and *Yount v. State*, which prohibits an expert witness from directly opining on a child complainant's credibility and believability. *See* TEX. R. EVID. 702; *Young v.*

*State*, 872 S.W.2d 706, 712 (Tex. Crim. App. 1993). Wilkins points out other appellate courts have deemed trial counsel's failure to object to similar testimony as ineffective even in light of an undeveloped record. *See Fuller v. State*, 224 S.W.3d 823 (Tex. App.—Texarkana 2007, pet. ref'd); *Sessums v. State*, 129 S.W.3d 242 (Tex. App.—Texarkana 2004, pet. ref'd); *Miller v. State*, 757 S.W.2d 880 (Tex. App.—Dallas 1988, pet. ref'd).

We recognize our Texarkana and Dallas sister courts found trial counsel ineffective in the cases Wilkins cited. However, we are persuaded by recent decisions from our other sister courts, which faced similar fact patterns. *See Brantley v. State*, No. 02-19-00349-CR, 2021 WL 3679239 (Tex. App.—Fort Worth Aug. 19, 2021, pet. ref'd) (mem. op., not designated for publication); *Cavett v. State*, No. 07-17-00141-CR, 2018 WL 5075101 (Tex. App.—Amarillo Oct. 17, 2018, no pet.) (mem. op., not designated for publication). In *Brantley v. State*, the Fort Worth intermediate court deferred to trial counsel's decision not to object to similar testimony. 2021 WL 3679239, at *2-3. The court reasoned trial counsel's closing argument showed he was not oblivious to the improper bolstering testimony because he reminded the jury of its role as the factfinder and to remember it was the one who decided whether to believe the complainant. *Id.* at 3. The court reasoned trial counsel's closing argument showed a possibility a reasonable trial strategy existed. *Id.* at *2-3. Similarly, in this case, trial counsel focused much of his closing argument on calling I.J.'s credibility into question and reminding the jury it was up to it whether to believe her testimony and judge the case fairly. Accordingly, like the court in *Brantley v. State*, we conclude the record shows trial counsel's conduct could have been part of his trial strategy. *Id.* at *4.

Additionally, in *Cavett v. State*, the Amarillo intermediate court reasoned it was not bound by the Texarkana and Dallas courts, and it focused its inquiry on whether the result in the proceeding would have been different if trial counsel had objected. 2018 WL 5075101, at *4. It reasoned the result would not have been different because the complainant testified, and her

testimony alone supported the finding of guilt. *Id.* Here, I.J. testified about the incident, and her testimony supports the jury's determination of guilty. *See id.* (citing TEX. CODE CRIM. PROC. ANN. art. 38.07(a)(1), (b)(1)). We therefore conclude the outcome of the proceeding would not have been different even if trial counsel had objected. *Id.* Accordingly, we overrule Wilkins's ineffective assistance of counsel challenges surrounding Investigator Holloway's testimony.

Wilkins next asserts his trial counsel's assistance was ineffective because he failed to object to extraneous offense evidence, which he argues was irrelevant and highly prejudicial. Specifically, Wilkins argues his trial counsel filed a motion in limine seeking to exclude extraneous evidence, but then counsel conceded at the pretrial hearing that evidence indicating Wilkins sold small quantities of drugs could come into evidence. According to Wilkins, trial counsel's concession was irrational, and his trial counsel should not have mentioned this conduct and should have objected to I.J.'s testimony when she testified she bought drugs from Wilkins.

As in this case, the record is silent as to trial counsel's reasons for his conduct, trial counsel's "[f]ailure to object to inadmissible extraneous-offense evidence can constitute a plausible trial strategy." *Gilbert v. State*, No. 14-02-00727-CR, 2003 WL 22176625, at *3 (Tex. App.—Houston Sept. 23, 2003, no pet.) (mem. op., not designated for publication). Here, while trial counsel may have initially sought to exclude extraneous offense evidence, the record shows trial counsel's strategy changed by the time the trial court heard trial counsel's motion in limine. During the hearing, trial counsel recognized evidence establishing Wilkins sold small quantities of drugs had to come into evidence for context, and he focused his defense on challenging I.J.'s credibility. *See id.* (holding counsel's failure to object to extraneous offense evidence constituted plausible trial strategy when record shows trial counsel's strategy was to challenge complainant's credibility). Accordingly, we overrule Wilkins's issue.

**ASSESSMENT OF ATTORNEY'S FEES**

Wilkins next contends the trial court erred in requiring him to reimburse the Kerr County Department of Court Services for the representation of his court-appointed attorney. He explains the trial court appointed an attorney to represent him and such appointment evidences his indigency and inability to pay attorney's fees. The State concedes Wilkins is indigent, and the trial court's assessment of attorney's fees was erroneous.

"A defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs." *Cates v. State*, 402 S.W.3d 250, 251 (Tex. Crim. App. 2013) (quoting TEX. CODE CRIM. PROC. art. 26.04(p)) (internal quotation marks omitted). Here, the record establishes a court-appointed attorney represented Wilkins at trial and on appeal, and there is no evidence a material change in Wilkins's financial circumstances has occurred. We therefore conclude Wilkins was indigent and unable to afford counsel, and the trial court erred in requiring him to reimburse the court services for his attorney's fees. *See id*; *Herrera v. State*, 527 S.W.3d 675, 680 (Tex. App.—Houston [14th Dist.] 2017, pet. ref'd) (holding trial court erred in requiring appellant to reimburse court services when no evidence appellant's indigency status changed). Accordingly, we sustain Wilkins's issue concerning attorney's fees and reform the trial court's judgment to delete the assessment of attorney's fees.

**CONCLUSION**

Based on the foregoing, we reform the trial court's judgment to delete the assessment of attorney's fees and affirm the judgment as reformed.

Luz Elena D. Chapa, Justice

Do Not Publish