

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-21-00216-CR

———————————————

ALVIN HOLT, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 211th District Court
Denton County, Texas
Trial Court No. F19-1144-158

---

Before Sudderth, C.J.; Kerr and Walker, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

Appellant Alvin Holt appeals his conviction of indecency with a child and aggravated sexual assault. On appeal, Holt argues in two points that he received ineffective assistance of counsel. Specifically, Holt asserts that his two trial lawyers were deficient for failing to object (1) when the prosecutor repeatedly referred to Holt as a "monster" and (2) when the prosecutor purportedly shifted the burden of proof during closing arguments. We affirm.

## I. Background

Holt was charged with two counts of indecency with a child and four counts of aggravated sexual assault. He pleaded not guilty.

The victim K.H.,[1] who was ten years old at the time of trial, lived with her father D.H., Holt, and Holt's wife J.H.

In October 2018, K.H. made an outcry of sexual abuse to her school guidance counselor Brenda Schwartz. K.H. told Schwartz that she was tired of Holt putting his fingers inside her. Due to this outcry, K.H. participated in three forensic interviews and a sexual assault nurse examiner (SANE) exam. During these interviews and the SANE exam, K.H. provided specific details of the abuse, revealing that Holt had touched her breasts, vagina, and anus; had penetrated her vagina and anus with both

---

[1]We refer to the victim and her family members—other than the Appellant— by their initials. *See* Tex. R. App. P. 9.10(a)(3).

2

his penis and his finger; and had forced K.H. to put his penis in her mouth. K.H. testified about the abuse at trial.

In addition to Holt's abuse of K.H., the prosecution presented evidence detailing Holt's history of sexually abusing other children.[2] Holt's niece recounted an incident in which Holt pressed his erect penis onto her backside when she was a young child and described how Holt made her feel uncomfortable at other times. Holt's daughter A.H. chronicled in detail how Holt had continually sexually abused her as a child and stated that this pattern of abuse had ultimately caused Child Protective Services (CPS) to remove her from her home. Cami Thompson, the investigator from A.H.'s case, testified that during an interview Holt had told her that he had touched his daughter's vagina to confirm whether she was on her period and admitted that "[he] [had] play[ed] with her every night while she[ was] sleeping." Thompson's impression was that Holt did not believe he had done anything wrong by sexually assaulting A.H.

The jury convicted Holt on all counts and assessed his punishment at 20 years' confinement on the indecency-with-a-child counts and confinement for life on the

---

[2]Article 38.37 of the Texas Code of Criminal Procedure "provides for the admission of evidence of other sex crimes committed by the defendant against children other than the victim of the alleged offense 'for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of defendant.'" *Belcher v. State*, 474 S.W.3d 840, 846 (Tex. App.—Tyler 2015, no pet.) (quoting Tex. Code Crim. Proc. Ann. art. 38.37 § 2(b)).

aggravated-sexual-assault counts. The trial court sentenced Holt accordingly and set the sentences to run consecutively. This appeal followed.

## II. Discussion

Holt asserts that he was deprived of his right to the effective assistance of counsel when his trial counsel failed to object (1) to the prosecutor's repeated references to Holt as a "monster" and (2) to the prosecutor's supposed shifting of the burden of proof during closing arguments.

To establish ineffective assistance, an appellant must prove by a preponderance of the evidence both that his counsel's representation was deficient and that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Prine v. State*, 537 S.W.3d 113, 116 (Tex. Crim. App. 2017); *see Hernandez v. State*, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999). We need not address both parts of the *Strickland* test if the appellant makes an insufficient showing of one component. 466 U.S. at 697, 104 S. Ct. at 2069.

An appellant claiming ineffective assistance of counsel at trial must identify counsel's allegedly erroneous acts and omissions. *Strickland*, 466 U.S. at 690, 104 S. Ct. at 2066; *Cooper v. State*, 333 S.W.3d 859, 867 (Tex. App.—Fort Worth 2010, pet. ref'd). The appellate court then determines whether, in light of all the circumstances, these identified acts or omissions were outside the wide range of what constitutes competent assistance. *Strickland*, 466 U.S. at 690, 104 S. Ct. at 2066; *Cooper*, 333 S.W.3d at 867. An attorney's isolated acts or omissions generally do not constitute

4

deficient performance. *See, e.g., Ingham v. State*, 679 S.W.2d 503, 509 (Tex. Crim. App. 1984). However, an egregious error may satisfy both parts of the *Strickland* test on its own. *Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011).

Furthermore, the record must affirmatively demonstrate that the ineffective-assistance claim has merit. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). An appellate court may not infer ineffective assistance simply from an unclear record or a record that does not show why counsel failed to do something. *Menefield v. State*, 363 S.W.3d 591, 593 (Tex. Crim. App. 2012); *Mata v. State*, 226 S.W.3d 425, 432 (Tex. Crim. App. 2007). Trial counsel "should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Menefield*, 363 S.W.3d at 593. If, as here,[3] trial counsel did not have that opportunity, we should not conclude that counsel performed deficiently unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Nava v. State*, 415 S.W.3d 289, 308 (Tex. Crim. App. 2013). Direct appeal is usually inadequate for raising an ineffective-assistance-of-counsel claim because the record generally does not show counsel's reasons for any alleged deficient performance. *See Menefield*, 363 S.W.3d at 592–93; *Thompson*, 9 S.W.3d at 813–14.

"Trial management is the lawyer's province: Counsel provides his or her assistance by making decisions such as 'what arguments to pursue, what evidentiary

---

[3]Holt did not file a motion for new trial.

5

objections to raise, and what agreements to conclude regarding the admission of evidence.'" *McCoy v. Louisiana*, 138 S. Ct. 1500, 1508 (2018) (quoting *Gonzalez v. United States*, 553 U.S. 242, 248, 128 S. Ct. 1765, 1769 (2008)). Generally, a record devoid of counsel's reasoning behind a particular decision—including failure to object to or proffer evidence—will not show deficient performance. *See Prine*, 537 S.W.3d at 117; *Lopez*, 343 S.W.3d at 143–44.

## A.    Point One: Failure to Object to Prosecutor's "Monster" References

In his first point, Holt argues that his trial lawyers were deficient for not objecting when the prosecutor repeatedly referred to Holt as a "monster" during her closing argument.[4] According to Holt, these comments were inappropriate and prejudicial because they appealed to the jury's fears, emotions, and biases and therefore made it likely that the jury would base its verdict on something other than the evidence. Thus, Holt argues, his trial counsel's failure to object was an egregious error that deprived him of the effective assistance of counsel.

When an appellant alleges deficient performance based on his trial counsel's failure to object, he must show that the trial court would have erred by overruling that

---

[4]The prosecutor called Holt a "monster" in her closing arguments during both the guilt/innocence and punishment phases of trial, but Holt's argument on appeal focuses exclusively on the comments made during the guilt/innocence phase. Accordingly, we consider any issues related to the punishment-phase comments to have been waived. *See* Tex. R. App. P. 38.1(i); *Jackson v. Vaughn*, 546 S.W.3d 913, 922 (Tex. App.—Amarillo 2018, no pet.) (finding issue waived due to inadequate briefing).

objection. *See Prine*, 537 S.W.3d at 117–18 (first citing *Ex parte Martinez*, 330 S.W.3d 891, 901 (Tex. Crim. App. 2011); and then citing *Ortiz v. State*, 93 S.W.3d 79, 93 (Tex. Crim. App. 2002)). On the record before us, Holt cannot make this showing.

Proper jury argument generally falls within one or more of the following areas: (1) summation of evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; and (4) plea for law enforcement. *Freeman v. State*, 340 S.W.3d 717, 727 (Tex. Crim. App. 2011) (citing *Brown v. State*, 270 S.W.3d 564, 570 (Tex. Crim. App. 2008)). Thus, when reasonably deduced from the evidence, derogatory characterizations of a defendant are permissible. *See Barnard v. State*, 730 S.W.2d 703, 718 (Tex. Crim. App. 1987) (holding that prosecutor's characterization of defendant as a "mean person" was a reasonable deduction from the evidence); *Burns v. State*, 556 S.W.2d 270, 285 (Tex. Crim. App. 1977) (concluding that the evidence supported prosecutor's reference to defendant as an "animal"); *Belton v. State*, 900 S.W.2d 886, 898 (Tex. App.—El Paso 1995, pet. ref'd) (noting that prosecutor's reference to defendant as an "animal" was a reasonable deduction); *see also Ponce v. State*, 89 S.W.3d 110, 121 (Tex. App.—Corpus Christi–Edinburg 2002, no pet.) ("Dramatic epithets may be used against a defendant during closing arguments as proper deductions based upon the evidence and nature of the crime."). In fact, several of our sister courts have specifically found the State's references to a defendant as a "monster" to be permissible as a reasonable deduction from the evidence. *See Cedillos v. State*, No. 08-14-00180-CR, 2018 WL 4113169, at *7 (Tex. App.—El Paso Aug. 29,

2018, pet. ref'd) (not designated for publication); *Resendez v. State*, No. 14-99-01374-CR, 2001 WL 777861, at *2 (Tex. App.—Houston [14th Dist.] July 12, 2001, pet. ref'd) (per curiam) (not designated for publication); *Davis v. State*, No. 05-96-01949-CR, 1998 WL 324724, *2 (Tex. App.—Dallas June 22, 1998, no pet.) (not designated for publication).

Here, the trial evidence showed that Holt had sexually abused multiple female relatives over a prolonged period, including—by his own admission—sexually assaulting his daughter every night. Further, Holt showed no remorse for assaulting his daughter and did not even appear to believe that this behavior was wrong. Thus, the facts in this case justified the prosecutor's "monster" characterization, as this was a reasonable deduction from the evidence.[5] *Cf. Cedillos*, 2018 WL 4113169, at *7; *Resendez*, 2001 WL 777861, at *2; *Davis*, 1998 WL 324724, at *2.

Because the prosecutor did not improperly characterize Holt as a "monster," Holt cannot show that the trial court would have erred by overruling an objection to that label. Accordingly, Holt cannot show that his counsel's performance was deficient based on a failure to object to these statements. *See Prine*, 537 S.W.3d at 117–

---

[5]We note that among Webster's definitions for "monster" are "one who deviates from normal or acceptable behavior or character" and "something monstrous," especially "a person of unnatural or extreme ugliness, deformity, wickedness, or cruelty." *Monster*, Merriam-Webster.com Dictionary, https://www.merriam-webster.com/dictionary/monster (last visited Oct. 28, 2022).

18; *see also Ex parte Chandler*, 182 S.W.3d 350, 356 (Tex. Crim. App. 2005) (recognizing that reasonably competent counsel need not perform a useless or futile act).

Moreover, even assuming Holt could show that the trial court would have erred by overruling an objection to that characterization, because the record does not reveal Holt's trial counsel's strategy in deciding not to object, we cannot say that his counsel's performance fell below an objective standard of reasonableness. *See Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001). "In the absence of direct evidence of counsel's reasons for the challenged conduct, an appellate court will assume a strategic motivation if any can be imagined." *Sabatini v. State*, No. 14-20-00066-CR, 2020 WL 7866724, at *7 (Tex. App.—Houston [14th Dist.] Dec. 31, 2020, no pet.) (mem. op., not designated for publication) (citing *Garcia*, 57 S.W.3d at 441). Here, counsel might have believed that any objection would be futile because characterizing Holt as a "monster" was a reasonable deduction from the evidence and several courts have specifically found such a description to be permissible. *See Cedillos*, 2018 WL 4113169, at *7; *Resendez*, 2001 WL 777861, at *2; *Davis*, 1998 WL 324724, *2. Alternatively, Holt's counsel could have chosen not to object to avoid unnecessarily emphasizing the term. *Cf. Sabatini*, 2020 WL 7866724, at *7 ("Counsel could have believed that an objection would have been overruled, or even if sustained, may have unnecessarily emphasized the derogatory term."). Because the record lacks any evidence regarding counsel's reasoning for not objecting, we cannot conclude that

9

counsel's performance was deficient. *See Prine*, 537 S.W.3d at 117; *Lopez*, 343 S.W.3d at 143–44.

We overrule Holt's first point.

**B.      Point Two: Failure to Object to Prosecutor's Supposed Shifting of the Burden of Proof**

In his second point, Holt asserts that his trial lawyers' performance was deficient because they failed to object to the following prosecution statement made during closing argument: "The Defense has the exact same subpoena power that we do. You didn't hear from [D.H.]. You didn't hear from [J.H.]." According to Holt, this statement improperly shifted the burden of proof, and, therefore, his counsel's failure to object deprived Holt of the effective assistance of counsel.

But the prosecutor's comment did not shift the burden of proof: "It is well-settled law that the State is entitled to comment on an accused's failure to produce testimony from sources other than himself when it is relevant to a disputed issue." *Harris v. State*, 122 S.W.3d 871, 884 (Tex. App.—Fort Worth 2003, pet. ref'd) (first citing *Patrick v. State*, 906 S.W.2d 481, 490 (Tex. Crim. App. 1995); and then citing *Carrillo v. State*, 566 S.W.2d 902, 912 (Tex. Crim. App. 1978)). In *Harris*, the prosecutor made a statement very similar to the one about which Holt complains: "The defense has subpoena power, the power to call any witness to come testify. Anyone to say anything on how it might be possible for these girls to have some sort of motive to come in here and lie." *Id.* Noting that "a prosecutor's comment about the subpoena

10

power of a defendant is proper if it refers to the defendant's failure to produce evidence from other sources" besides himself, we held that the prosecutor's comment was not improper. *Id.* (citing *Livingston v. State*, 739 S.W.2d 311, 338 (Tex. Crim. App. 1987)). As we further explained, "a prosecutor's comment is improper only if it points to the absence of evidence that could be supplied only by the defendant's testimony." *Id.* (citing *Fuentes v. State*, 991 S.W.2d 267, 275 (Tex. Crim. App. 1999)); *see also Jackson v. State*, 17 S.W.3d 664, 674 (Tex. Crim. App. 2000) ("[T]he prosecutor may comment on the defendant's failure to produce witnesses and evidence so long as the remark does not fault the defendant for exercising his right not to testify." (first citing *Patrick*, 906 S.W.2d at 491; and then citing *Livingston*, 739 S.W.2d at 338)). Because "[t]he comment was merely a summation of the evidence presented at trial, coupled with an argument that the jury should not be concerned with evidence not presented at trial," we rejected Harris's argument that it improperly shifted the burden of proof. *Harris*, 122 S.W.3d at 884.

Here, the prosecutor's comment was proper because it referred to Holt's failure to produce evidence from sources besides himself. *See id.* (citing *Livingston*, 739 S.W.2d at 338). Indeed, the prosecutor specifically named other witnesses—D.H. and J.H.—who did not testify. Because this statement did not point to evidence that only Holt's testimony could supply, it did not improperly comment on Holt's failure to testify. *See Jackson*, 17 S.W.3d at 674; *Harris*, 122 S.W.3d at 884. Like the prosecutor's comment in *Harris*, it "was merely a summation of the evidence presented at trial" and therefore

11

did not improperly shift the burden of proof. *Harris*, 122 S.W.3d at 884; *see also Benn v. State*, 110 S.W.3d 645, 650–51 (Tex. App.—Corpus Christi 2003, no pet.) (holding that the State's comment, "You ought to consider not only who you heard, but who you didn't hear," was a summation of the evidence); *Doty v. State*, 820 S.W.2d 918, 923–24 (Tex. App.—Fort Worth 1991, pet. ref'd) (holding that the State's comment that if there was any evidence to support the defense's theory, "don't you think that they might have brought it to you," was a summation of the evidence).

Because the prosecutor's comment was not improper, Holt cannot show that the trial court would have erred by overruling an objection to it. Accordingly, Holt's argument that his lawyers' performance was deficient because they did not object to these statements must fail. *See Prine*, 537 S.W.3d at 117–18; *see also Chandler*, 182 S.W.3d at 356.

Further, even assuming Holt could show that the trial court would have erred by overruling an objection to the prosecution's comment about Holt's subpoena power, because the record lacks any evidence regarding Holt's trial counsel's strategy in deciding not to object, we cannot say that his counsel's performance fell below an objective standard of reasonableness. *See Garcia*, 57 S.W.3d at 440. Holt's attorneys might have strategically decided not to object to avoid emphasizing their decision not to present D.H. and J.H. as witnesses, or they might have believed any objection would be futile given our opinion in *Harris*. Without any evidence of counsel's reasoning for not objecting, we cannot conclude that counsel's performance was

deficient. *See Prine*, 537 S.W.3d at 117; *Lopez*, 343 S.W.3d at 143–44; *see also Sabatini*, 2020 WL 7866724, at *7 (noting that in the absence of direct evidence of counsel's reasoning, "an appellate court will assume a strategic motivation if any can be imagined").

We overrule Holt's second point.

### III. Conclusion

Having overruled both of Holt's points, we affirm the trial court's judgment.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  December 1, 2022