

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

Nos. 04-22-00700-CR, 04-22-00701-CR, 04-22-00705-CR, 04-22-00706-CR

Jose Alberto **GARCIA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court Nos. 2018CR13110, 2018CR13111, 2018CR13112, 2018CR13113
Honorable Raymond Angelini, Judge Presiding

Opinion by:   Patricia O. Alvarez, Justice

Sitting:   Patricia O. Alvarez, Justice
Irene Rios, Justice, concurring in the judgment without opinion
Beth Watkins, Justice

Delivered and Filed: May 29, 2024

AFFIRMED

Appellant Jose Alberto Garcia was convicted of four counts of aggravated assault after he drove his car into several people at a bus stop, injuring them. He appeals the trial court's judgment, asserting that his trial counsel provided ineffective assistance. He alleges that 1) trial counsel should have requested instructions on lesser included offenses and voluntary conduct and 2) doing so would have changed the trial outcome. For the following reasons, we affirm the trial court's judgment.

BACKGROUND

Garcia was charged with four counts of aggravated assault after he sped through a red light, drove into oncoming traffic, and hit several people at a bus stop at Culebra and Zarzamora in San Antonio, Texas. The victims' injuries were uncontested at trial and have not been challenged on appeal.

Testimony at trial revealed that Garcia was traveling 63 miles per hour when he collided with the victims. The speed limit was 40 miles per hour. Garcia insisted he did not exceed the speed limit and claimed that his brakes failed. At trial, he claimed to have fallen asleep at the wheel.

The officer who spoke with Garcia several times about his car and the collision testified that Garcia was inconsistent in his account of who was in his car, where they were going, and how the crash occurred.

The State's evidence showed that Garcia's brakes were in working order, though his brakes and his tires were both worn down. Garcia argued that the collision was tragic but that he was not reckless.

The jury convicted him as charged, and this appeal followed.

INEFFECTIVE ASSISTANCE OF COUNSEL

A.     Parties' Arguments

Garcia argues that his trial counsel was ineffective for failing to request instructions for the lesser included offenses of deadly conduct, assault, and reckless driving, as well as an instruction on voluntary conduct. The State argues that Garcia cannot meet the standard for ineffective assistance of counsel on this record. It further argues that Garcia was not prejudiced by his representation because he cannot show that the trial outcome would have been different.

**B.      Standard of Review**

Both the United States and the Texas Constitutions guarantee individuals the right to effective criminal representation. U.S. CONST. amend. VI; TEX. CONST. art. 1 § 10. But to prove on appeal that trial counsel was ineffective and that a new trial is warranted, "a defendant must demonstrate two things [by a preponderance of the evidence]: deficient performance and prejudice." *Miller v. State*, 548 S.W.3d 497, 499 (Tex. Crim. App. 2018) (citing *Strickland v. Washington*, 466 U.S. 668, 694 (1984); *see also Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011); *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

*1.  Deficient Performance*

To establish deficient performance, an appellant must show counsel's assistance "fell below an objective standard of reasonableness." *Thompson*, 9 S.W.3d at 812. An appellant must overcome the "strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." *Id*. at 813. "[T]hat is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Ex Parte Martinez*, 330 S.W.3d 891, 900 (Tex. Crim. App. 2011).

"To defeat the presumption of reasonable professional assistance, 'any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.'" *Thompson*, 9 S.W.3d at 814 (quoting *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996), *overruled on other grounds by Mosley v. State*, 983 S.W.2d 249, 263 (Tex. Crim. App. 1998)).

If no reasonable trial strategy can justify counsel's choices or conduct, performance necessarily falls below an objective standard of reasonableness. *Andrews v. State*, 159 S.W.3d 98, 102 (Tex. Crim. App. 2005).

However, few cases demonstrate such deficiency on direct appeal because the record is unlikely to include any explanation by trial counsel, and "we can [frequently] conceive potential reasonable trial strategies that counsel could have been pursuing." *Id*. at 103; *see also Prine v. State*, 537 S.W.3d 113, 117 (Tex. Crim. App. 2017); *Goodspeed v. State*, 187 S.W.3d 390, 394 (Tex. Crim. App. 2005).

*2. Prejudice*

Once an appellant establishes deficient performance, the appellant must then establish prejudice. *See Lopez*, 343 S.W.3d at 142. An appellant "must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Thompson*, 9 S.W.3d at 812. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. (citing *Hernandez v. State*, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986)).

**C.    Law**

Garcia is correct that aggravated assault causing serious bodily injury and aggravated assault with a deadly weapon can theoretically be reduced to deadly conduct, assault, and reckless driving.[1] *See Cisneros v. State*, No. 04-17-00646-CR, 2018 WL 5621877, at *3 (Tex. App.—San Antonio Oct. 31, 2018, no pet.) (mem. op., not designated for publication); *Rodriguez v. State*, No. 05-09-00194-CR, 2010 WL 2891722, at *4 (Tex. App.—Dallas July 26, 2010, no pet.) (mem. op., not designated for publication). He is also correct that an instruction regarding the requirement of a voluntary act to commit an offense can apply in a case that involves some evidence of unconsciousness. *See* TEX. PENAL CODE ANN. § 6.01 (requirement of voluntary act or omission);

---

[1] In general, if a defendant requests these lesser included offenses, the trial court determines first "whether the proof necessary to establish the charged offense also includes the lesser offense." *See Simms v. State*, 629 S.W.3d 218, 222 (Tex. Crim. App. 2021). Next, the court determines "whether there is some evidence in the record that would permit the jury to rationally find that, if the defendant is guilty, he is guilty only of the lesser-included offense." *Id*.

*Simms v. State*, 629 S.W.3d 218, 224–25 (Tex. Crim. App. 2021); *Rogers v. State,* 105 S.W.3d 630, 640 (Tex. Crim. App. 2003). *Cf.* TEX. PENAL CODE ANN. § 6.02 (requirement of culpability). But he conflates recklessness with voluntariness in his argument. *Compare* TEX. PENAL CODE ANN. § 6.01 *with* § 6.02. Depending on the case, invoking an instruction for voluntary conduct might not work to a defendant's advantage or be supported by the evidence even when recklessness is at issue. *See, e.g.*, *Piper v. State*, No. PD-0712-18, 2019 WL 4315756, at *3 (Tex. Crim. App. Sept. 11, 2019) (not designated for publication).

**D.      Analysis**

Garcia complains that it was objectively unreasonable for trial counsel to not request instructions for lesser included offenses. However, we can conceive of a legitimate trial strategy that supports trial counsel's omission: Garcia's trial counsel argued that Garcia did not act recklessly. Such a strategy would undermine the necessary mens rea to convict Garcia of the State's charges. *See Simms v. State,* 629 S.W.3d at 228 (Yeary, J., dissenting). This strategy could plausibly conflict with a decision to request instructions for lesser offenses that also depend on a reckless mens rea.

Garcia also complains that trial counsel requested no instruction for voluntary conduct after Garcia testified that he fell asleep behind the wheel. *See* TEX. PENAL CODE ANN. § 6.01. First, Garcia's own testimony suggests that his act of veering off the road was voluntary. He stated that he potentially dozed for 20 to 30 seconds before waking to find himself in the lane of oncoming traffic. He then stated that he maneuvered to avoid oncoming cars—a voluntary act. *Cf. Simms*, 629 S.W.3d at 223 (concluding that jury could have found that the appellant caused the collision while he was unconscious and was therefore not guilty of a voluntary act). Second, we can again conceive of a legitimate trial strategy that supports trial counsel's omission: If, as we assumed above, trial counsel's strategy was to negate the State's evidence of recklessness, trial counsel may

have reasonably felt it prudent to simply emphasize that the sequence of events leading up to the collision was tragic but not reckless. *See* TEX. PENAL CODE ANN. § 6.02. Or trial counsel may have legitimately feared that focusing on Garcia's testimony about dozing behind the wheel would cost her credibility with the jury, especially considering that Garcia never mentioned falling asleep at the wheel until he testified at trial. *See Piper*, 2019 WL 4315756, at *3.

Garcia tertiarily argues that trial counsel should have clarified to the jury that the likelihood of his brakes working did not directly correspond with the brake pads' remaining percentage of thickness. But trial counsel's chosen strategy was to point out that "there are lots of other things that go into driving and stopping a car," which the State could not measure and prove because of the damage caused in the collision. Trial counsel argued, "The only one that really knows what happened in that car is Jose Alberto Garcia. And he got on the stand, and he told you, yeah, he had a little trouble with his brakes but the brakes are working." This argument was important to Garcia's defense because it established two critical points: 1) he did not take an unreasonable risk in driving the car, and 2) the brakes were nevertheless imperfect, which means Garcia's testimony that he tried to brake but failed was plausible.

Based on this record, we conclude that trial counsel's omissions cited by Garcia fall under the presumption of trial strategy. *See Strickland*, 466 U.S. at 689. We overrule Garcia's ineffective assistance of counsel claim.

## CONCLUSION

Garcia failed to show by a preponderance of the evidence that his trial counsel's performance was deficient. We affirm the trial court's judgment.

Patricia O. Alvarez, Justice

Do Not Publish