**Opinion issued June 16, 2026.**



**In the**

# Court of Appeals

**for the**

# First District of Texas

———————————

**NO. 01-24-00617-CR**

———————————

**TERRELL WALLS, Appellant**

**v.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 248th District Court**
**Harris County, Texas**
**Trial Court Case No. 1635968**

---

## MEMORANDUM OPINION

Appellant, Terrell Walls, appeals the adjudication of his guilt after he violated the terms of his deferred adjudication probation, claiming that he was denied effective assistance of counsel because his trial counsel (1) did not investigate and present evidence of his mental-health history at the adjudication

hearing and (2) did not investigate the issue of his sanity. In two cross-points, the State asks us to modify the trial court's judgment to correct statements in the judgment that are inconsistent with the record of appellant's adjudication hearing.

Because the record does not affirmatively show that appellant's trial counsel's performance was deficient in either of the respects alleged by appellant, we overrule appellant's points of error. Consistent with the State's cross-points, we modify the trial court's judgment to reflect that appellant did not plead "TRUE" to the allegations in the State's motion to adjudicate and that the trial court did not find that appellant had violated all of the conditions of community supervision set forth in the State's motion to adjudicate. We affirm the trial court's judgment as modified.

## Background

The State charged appellant by indictment with aggravated robbery and alleged that appellant had two prior felony convictions. After appellant pleaded guilty on the aggravated robbery charge and that the punishment-enhancement allegations were accurate, the trial court placed him on deferred-adjudication community supervision for eight years. Roughly 18 months later, the State moved to adjudicate appellant's guilt. While the State included multiple grounds in its motion to adjudicate, the adjudication hearing went forward only on the State's claim that appellant had violated the terms of his community supervision when he

traveled to California and failed to report to the community supervision department as required.

The trial court held an adjudication hearing on August 12, 2024. The trial court heard evidence that, beginning approximately 16 months after he was sentenced and continuing for a period of at least a year, appellant failed to report to the community supervision department as required. Appellant's counsel told the trial court that appellant had become scared to report after a warrant was issued for his arrest in connection with a different alleged offense.

Following the hearing, the trial court found the State's failure to report allegation to be true, adjudged appellant guilty of the offense of aggravated robbery, and sentenced appellant to the minimum jail-time sentence available, 25 years in prison. The trial court noted that appellant had been charged with a new crime while on probation and stopped reporting. The trial court observed further that, while 25 years was a long time, appellant had a "considerable" record going back to 1991.

Appellant timely filed his notice of appeal, and the trial court certified his right of appeal.

**Ineffective Assistance of Counsel**

In his first point of error, appellant argues that he was denied effective assistance of counsel because his trial counsel did not investigate and present evidence of his mental-health history at the adjudication hearing.

## A. Standard of Review

We review a claim that an appellant received ineffective assistance of counsel at a hearing on a motion to adjudicate under the same standard applicable to a claim that an appellant received ineffective assistance of counsel at the punishment stage of a non-capital trial. *See Ex parte Jones*, No. AP-76,318, 2010 WL 2396565, at *2 (Tex. Crim. App. June 16, 2010) (per curiam) (not designated for publication) (reviewing ineffective assistance of counsel claim arising from motion to adjudicate under standard applicable to ineffective assistance of counsel claim arising from punishment stage of a non-capital trial).

The two-pronged standard, established in *Strickland v. Washington*, 466 U.S. 668 (1984), requires a showing of (1) deficient performance, and (2) prejudice. *Id.* (citing *Strickland*, 466 U.S. at 687). To establish deficient performance, the appellant must show that his counsel's assistance fell below an objective standard of reasonableness. *Prine v. State*, 537 S.W.3d 113, 117 (Tex. Crim. App. 2017); *Dryer v. State*, 674 S.W.3d 635, 646 (Tex. App.—Houston [1st Dist.] 2023, pet. ref'd). The appellant must overcome a strong presumption that

counsel's performance fell within the wide range of reasonable professional assistance. *Prine*, 537 S.W.3d at 117; *Dryer*, 674 S.W.3d at 646.

Any deficiency in counsel's performance must therefore be firmly founded in the record; it is not enough that counsel's performance may seem questionable in hindsight. *Prine*, 537 S.W.3d at 117; *Dryer*, 674 S.W.3d at 646-47. We cannot find that counsel's performance was deficient based on conjecture. *Dryer*, 674 S.W.3d at 647 (citing *Scheanette v. State*, 144 S.W.3d 503, 510 (Tex. Crim. App. 2004)). Nor can we infer that counsel's performance was deficient based on portions of the record that are unclear. *Id.* (citing *Mata v. State*, 226 S.W.3d 425, 432 (Tex. Crim. App. 2007)). Rather, the record must affirmatively show that counsel's performance was deficient. *Prine*, 537 S.W.3d at 117; *Dryer*, 674 S.W.3d at 647.

The trial record, standing alone, is rarely sufficient to show deficient performance by counsel. *Dryer*, 674 S.W.3d at 647 (citing *Nava v. State*, 415 S.W.3d 289, 308 (Tex. Crim. App. 2013)). The reasonableness of counsel's decisions often depends on facts that do not appear in the record. *Id.* (citing *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002)). "Hence, counsel ordinarily should be afforded the opportunity to explain his conduct before we find that his performance was deficient." *Id.* (citing *Nava*, 415 S.W.3d at 308).

If counsel has not been given that opportunity, we cannot find counsel's performance deficient unless the conduct was so outrageous that no competent lawyer would have engaged in it. *Id.* (citing *Menefield v. State*, 363 S.W.3d 591, 593 (Tex. Crim. App. 2012)). In other words, "the record must demonstrate that counsel's performance fell below an objective standard of reasonableness as a matter of law, and that no reasonable trial strategy could justify trial counsel's acts or omissions, regardless of his or her subjective reasoning." *Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011). Generally, we will assume that counsel had a reasonable strategic motive if any reasonable trial strategy can be imagined. *Dryer*, 674 S.W.3d at 647 (citing *Okonkwo v. State*, 398 S.W.3d 689, 693 (Tex. Crim. App. 2013)).

To show prejudice, the appellant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Johnson v. State*, 624 S.W.3d 579, 587 (Tex. Crim. App. 2021); *Yonko v. State*, 702 S.W.3d 844, 854 (Tex. App.—Houston [1st Dist.] 2024, pet. ref'd). A "reasonable probability" is a probability sufficient to undermine confidence in the outcome. *Johnson*, 624 S.W.3d at 587; *Yonko*, 702 S.W.3d at 854.

**B. Failure to investigate and present mental-health history**

Appellant claims on appeal that his trial counsel's performance in connection with his adjudication hearing was deficient in that she did not investigate or present to the trial court evidence that appellant "left Houston and went straight to a 'mental health institute' for weeks during the time he failed to report." He argues that his trial counsel was aware of that fact, and the significance of his failure to report, and yet argued to the trial court only that appellant had failed to report due to his fear of being arrested on the new charge made against him.

At the start of the adjudication hearing, the trial court asked if it was correct that appellant wished to represent himself, and appellant responded that it was not. When appellant indicated that he had attempted to file a "grievance," the trial court asked him what his issue was with his attorney. Appellant responded in pertinent part that he had given information to his counsel that she told him she "wasn't going to share with the DA because it's incriminating," and that:

> I -- she haven't came to sit down with me to have a defense -- to set up a defense of nothing with me. I've given her stuff to talk about that will help me in my defense. First off my mental health. She told me -- she said it's not important. I told her today that I left Houston, Texas, and I went straight to a mental health institute and I stayed there for weeks. I said since I was -- since she had -- she won't believe -- believe that I went to California.

7

The trial court denied appellant's motion for new counsel, noting that his counsel had likely advised him against stating that he had gone to California because it was an admission that he had violated the terms of his community supervision. When the trial court asked if appellant had anything else he wanted to say before the trial court proceeded with the hearing, appellant responded: "I'd like to, yes, ma'am. Well, I was mainly going to – I'm killing myself. I don't know, but I'm trying to fight for my life." The trial court responded, "I understand that, sir," and that "[w]e are now about to start your motion to adjudicate hearing."

Appellant cites as support for his argument that his counsel should have investigated and presented to the trial court his mental-health history the decision of the court of appeals in *Lampkin v. State*, 470 S.W.3d 876 (Tex. App.—Texarkana 2015, pet. ref'd), in which a jury had found the appellant guilty of felony driving while intoxicated and given him the maximum sentence of 99 years in prison. *Id.* at 917-19. Lampkin's trial counsel had concerns about his mental status but ultimately concluded that Lampkin was competent and, he explained, for that reason ignored the fact that Lampkin had not answered his questions about his mental health. *Id.* at 912. Had Lampkin's trial counsel investigated further, he would have discovered substantial mitigating evidence in the possession of the Texas Department of Criminal Justice and a mental-health facility to which the appellant had been admitted, including evidence that Lampkin had experienced

mental-health issues due to long-term drug use, was taking medicine for paranoia, was hearing voices, and had been diagnosed with a major depressive disorder with psychotic features. *Id.* at 904, 922-23. The court of appeals found that Lampkin's trial counsel's performance was deficient and that, had the mental-health evidence been presented at trial, there was a reasonable probability that Lampkin's sentence would have been less severe. *Id.* at 916, 926.

Appellant acknowledges that, while Lampkin received the maximum sentence available, appellant received the minimum sentence available. But appellant argues that his mental-health history "is also very material to the decision to adjudicate."

Unlike in *Lampkin*, the record here does not affirmatively show that appellant's trial counsel's performance was deficient due to a failure to investigate and present appellant's mental-health history. Appellant has presented no evidence of the scope of his trial counsel's investigation of his mental-health history, does not identify what evidence she would have uncovered had she investigated further, and has presented no evidence of her explanation for her conduct. The absence of evidence of the scope of counsel's investigation and what further investigation would have uncovered is fatal to appellant's claim. *See Martinez v. State*, 449 S.W.3d 193, 209-10 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd) (rejecting ineffective-assistance claim where defendant "presented no specific indication of

9

the [mitigation and other] evidence that he claims should have been introduced by his trial counsel, nor is there any indication that such evidence actually exists").

Further, because appellant's trial counsel has not been afforded the opportunity to explain her conduct, we must assume that she had a reasonable strategic motive if any reasonable trial strategy can be imagined. *Dryer*, 674 S.W.3d at 647 (citing *Okonkwo*, 398 S.W.3d at 693). This presumption is difficult to overcome where, as here, there was also no motion for new trial or associated evidentiary hearing. *See Starr v. State*, No. 01-18-00947-CR, 2020 WL 4006447, at *4 n.3 (Tex. App.—Houston [1st Dist.] July 16, 2020, no pet.) (mem. op., not designated for publication) (citing *Morrison v. State*, 132 S.W.3d 37, 47 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd)). Without a motion for new trial or other opportunity to supplement the record in the trial court, the appellate record typically will not contain evidence sufficient to overcome the presumption that counsel's conduct was reasonable because the reasonableness of counsel's choices often involves facts that would not appear in the record. *Levy v. State*, No. 01-13-00379-CR, 2014 WL 3408697, at *3 (Tex. App.—Houston [1st Dist.] July 10, 2014, pet. ref'd) (mem. op, not designated for publication).

The record on appeal shows at most that appellant's trial counsel knew that, during the period in which appellant did not report, he spent weeks at a mental-health institute in California. As the trial court noted, counsel could have

concluded it was a better trial strategy to require the State to prove its claim that appellant had violated the terms of his community supervision by leaving the state than to have appellant admit to leaving the state but offer an excuse for doing so. We cannot conclude that counsel's choice was "so outrageous that no competent lawyer would have engaged in it." *See Dryer*, 674 S.W.3d at 647; *see also Vasquez v. State*, No. 01-23-00722-CR, 2025 WL 1738315, at *7 (Tex. App.—Houston [1st Dist.] June 24, 2025, no pet.) (mem. op., not designated for publication) (rejecting ineffective-assistance claim based on trial counsel's failure to investigate and present mitigation evidence concerning appellant's drug and alcohol use where appellant offered no evidence of whether or to what extent trial counsel conducted any such investigation, did not identify what evidence any such investigation would uncover, and did not give his counsel an opportunity to explain his decision whether and to what extent to conduct such investigation, noting that appellant's counsel may have decided that evidence of drug and alcohol use would have harmed appellant's defense); *Levy*, 2014 WL 3408697, at *5 (rejecting ineffective-assistance claim based on counsel's failure to investigate appellant's mental health because "record [was] silent as to what investigative steps counsel actually may have taken and what conclusions he may have subsequently drawn," barring court of appeals from speculating as to why counsel acted as he did).

Finally, even if appellant's trial counsel had been deficient, appellant has not shown a reasonable probability that, but for her error, the result of the adjudication hearing would have been different. *See Johnson*, 624 S.W.3d at 587; *Yonko*, 702 S.W.3d at 854. Before the adjudication hearing began, appellant himself told the trial court that he had spent time at a mental-health institute in California during the period in which he did not report. *See Jagaroo v. State*, 180 S.W.3d 793, 800 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd) (rejecting ineffective-assistance claim based in part on appellant's failure to show how testimony by live witnesses not called by trial counsel would have differed from statements and letters submitted to trial court). Moreover, while appellant failed to report for at least a year, he stated that he had spent just "weeks" at the mental-health institute. *See Green v. State*, 554 S.W.3d 785, 790 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (rejecting ineffective-assistance claim where "omitted mitigating evidence was not very compelling"). Under the circumstances, it is not reasonably probable that, had appellant's trial counsel offered evidence at the hearing of appellant's stay at the California mental-health institute, the trial court would have decided, instead of adjudicating guilt and giving him the minimum jail sentence available, not to adjudicate guilt.

We overrule appellant's first point of error.

12

## C.    Failure to investigate possible insanity defense

Appellant also claims on appeal that his trial counsel's performance in connection with his adjudication hearing was deficient because, despite knowing that appellant spent weeks in a mental-health institute, she did not investigate the issue of appellant's sanity. Appellant argues that, under *Ake v. Oklahoma*, 470 U.S. 68 (1985), in cases where an indigent defendant's sanity is likely to be a significant factor at trial, the State is obliged to provide funds to the defendant for psychiatric experts. Appellant alleges that his trial counsel did not file a motion requesting such funds, and none appears in the appellate record.

In *Ake*, the United States Supreme Court held that an indigent defendant may have a due-process right to the appointment of a psychiatrist to assist in his defense if he has made a preliminary showing that his sanity at the time of the offense is likely to be a significant factor at trial. 470 U.S. at 74. The defendant's preliminary showing must go beyond just undeveloped assertions that the requested assistance would be beneficial. *In re City of Lubbock*, 666 S.W.3d 546, 560 n.64 (Tex. Crim. App. 2023) (citing *Ex parte Jimenez*, 364 S.W.3d 866, 881-82 (Tex. Crim. App. 2012)).

The record reflects appellant's assertion that he "went straight to" a California mental-health institute and "stayed there for weeks," but contains no evidence of the nature of appellant's alleged mental-health issues, much less that

13

they have at any point threatened his sanity. The record thus does not affirmatively show that appellant's mental health would have been a significant factor at the adjudication hearing. *See Starr*, 2020 WL 4006447, at *4 (holding that appellate record did not show that trial counsel erred by failing to timely request funds to hire mental-health expert before adjudication hearing for reasons including that "there [was] no evidence that appellant's mental health would have been a significant factor at the hearing on the motion to adjudicate guilt"); *Maldonado v. State*, No. 14-03-00074-CR, 2004 WL 234377, at *2 (Tex. App.—Houston [14th Dist.] Feb. 10, 2004, pet. ref'd) (mem. op., not designated for publication) (rejecting ineffective-assistance claim based on trial counsel's failure to request appointment of mental-health expert because appellant had not demonstrated that his sanity was likely to be significant factor at trial).[1] Because appellant has not

---

[1] In both *Starr* and *Maldonado*, a court-appointed expert had deemed the appellant to be competent to stand trial. *See Starr v. State*, No. 01-18-00947-CR, 2020 WL 4006447, at *1 (Tex. App.—Houston [1st Dist.] July 16, 2020, no pet.) (mem. op., not designated for publication); *Maldonado v. State*, No. 14-03-00074-CR, 2004 WL 234377, at *2 (Tex. App.—Houston [14th Dist.] Feb. 10, 2004, pet. ref'd) (mem. op., not designated for publication). Both courts of appeals treated that opinion as some, but not dispositive, evidence of the appellant's competency. *See Starr*, 2020 WL 4006447, at *5 (noting that appellant counsel's representations that his client suffered from mental illness conflicted with court-appointed expert's opinion that appellant did not exhibit significant pathology to warrant mental-health diagnosis, leaving no evidence of appellant's sanity being significant factor at trial); *Maldonado*, 2004 WL 234377, at *2 (noting that neutral expert may help in identifying whether sanity will be significant factor at trial). In the case at issue, we do not view the *absence* of a court-appointed expert's competency determination as a factor weighing heavily for or against our

14

shown that he was entitled to a defense mental-health expert, we cannot say counsel was ineffective for failing to request one. *See Maldonado*, 2004 WL 234377, at *2.[2]

Also, the record does not show what testimony any psychiatric expert would have provided. *See Hudgins v. State*, No. PD–0163–17, 2018 WL 525716, at *3 (Tex. Crim. App. Jan. 24, 2018) (mem. op., not designated for publication) ("To establish ineffective assistance of counsel for failing to call a witness to the stand, including an expert witness, an appellant must show that the appellant would have benefitted from that witness's testimony."); *Starr*, 2020 WL 4006447, at *4 (holding that appellate record did not show that trial counsel erred by failing to timely request funds to hire mental-health expert before adjudication hearing for

---

determination that appellant has not shown that his mental health would have been a significant factor at the adjudication hearing.

[2] Appellant cites no case in which a Texas court reviewing a claim similar to appellant's ineffective-assistance claim found that the appellate record affirmatively showed that appellant's mental health would have been a significant factor at trial. Of the three discussed in *Maldonado*, one involved a concession by the State and the other two involved a more developed factual record. *See Maldonado*, 2004 WL 234377, at *2 (discussing cases). In *Woods v. State*, the record contained "a substantial amount of information regarding Woods' previous mental health history," including a head injury and multiple commitments to mental-health institutions beginning at age 13. 59 S.W.3d 833, 837-38 (Tex. App.—Texarkana 2001), *rev'd on other grounds*, 108 S.W.3d 314 (Tex. Crim. App. 2003). In *In re R.D.B.*, the appellant's mother testified regarding his severe brain injury, which caused him to have to re-learn how to speak, his associated medical conditions and treatments, and his having been seen by a psychiatrist). 20 S.W.3d 255, 257 (Tex. App.—Texarkana 2000, no pet.).

reasons including that "the record [did not] reflect what favorable evidence, if any, a psychiatric evaluation would have shown").

Further, there is no evidence as to whether or to what extent appellant's trial counsel investigated the issue of appellant's sanity. The record shows at most that, despite knowing that appellant had recently stayed for weeks in a mental-health institution, counsel did not file a motion requesting funds to hire a mental-health expert. The record does not include any other evidence related to appellant's stay at the mental-health institution. Counsel may have learned that appellant was released with a clean bill of health, was diagnosed with a condition with no bearing on his competency, or had a dependence on illegal drugs that the trial court might have viewed in a negative light. *See Levy*, 2014 WL 3408697, at \*6 (holding that counsel's unexplained decision not to disclose to trial court reports of mental-health expert was not "so outrageous that no competent attorney would have engaged in it" given reports described appellant as cognitively intact, referenced history of drug abuse that trial court might have weight negatively, and included diagnoses that "were not of such striking severity or plainly exculpatory character that only an incompetent attorney would fail to bring them to the court's attention"). Appellant's counsel's conduct was not "so outrageous that no competent lawyer would have engaged in it." *See Dryer*, 674 S.W.3d at 647.

We overrule appellant's second point of error.

## Cross-Issues

The State filed no notice of appeal but, in its responsive brief, raises two cross-issues in which it asks the Court to modify the trial court's judgment and affirm the judgment as modified. In its judgment, the trial court states that appellant pleaded "TRUE" to the State's motion to adjudicate and finds that appellant violated all of the conditions of community supervision set forth in the State's motion to adjudicate. The State argues that, while "appellant essentially admitted to some of the allegations when he addressed the trial court, the reporter's record does not appear to reflect that he formally pleaded 'true' to the motion to adjudicate guilt." The State suggests further that the record of the adjudication hearing reflects that appellant committed the alleged failure-to-report violation. Because the State is not seeking greater relief than that awarded by the trial court, its failure to file a notice of appeal does not bar its cross-points.[3]

---

[3] Rule 25.1(c) of the Texas Rules of Appellate Procedure provides that "[a] party who seeks to alter the trial court's judgment . . . must file a notice of appeal," and that "[t]he appellate court may not grant a party who does not file a notice of appeal more favorable relief than did the trial court except for just cause." Under Rule 25.1 as applied, a party must file a notice of appeal only if it seeks greater relief than that awarded in the trial court's judgment. *City of Austin v. Whittington*, 384 S.W.3d 766, 789 (Tex. 2012); *Dean v. Lafayette Place (Section One) Council of Co–Owners*, 999 S.W.2d 814, 818 (Tex. App.—Houston [1st Dist.] 1999, no pet.). A party that has not filed a notice of appeal may raise independent grounds for affirmance in a cross-point as long as the appellee is not requesting greater relief than that awarded by the trial court. *Whittington*, 384 S.W.3d at 789; *Reg'l Specialty Clinic, P.A. v. Randle*, No. 14-23-00368-CV, 2024 WL 3420244, *3 (Tex. App.—Houston [14th Dist.] July 16, 2024, pet. denied) (mem. op.) (citing *Dean*, 999 S.W.2d at 818).

We agree that the trial court's judgment is erroneous in the two respects identified by the State. We thus modify the judgment to state, under the heading "Plea to Motion to Adjudicate," that appellant's plea was "Not True." *See Bell v. State*, 566 S.W.3d 398, 401, 410 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (reforming trial-court judgment to reflect that appellant pleaded "not true" to allegations); *Davila v. State*, No. 03-15-00072-CR, 2015 WL 5000856, at *1-2 (Tex. App.—Austin Aug. 20, 2015, no pet.) (mem. op., not designated for publication) (where record showed that appellant made no formal plea to allegations in State's motion to adjudicate, modifying trial-court judgment to state that appellant's "Plea to Motion to Adjudicate" was "Not True").

We further modify the finding in the trial court's judgment in which the trial court currently states that appellant violated all of the conditions of community supervision set forth in the State's motion to adjudicate to state that appellant "violated the conditions of community supervision, as set out in the State's Amended Motion to Adjudicate Guilt, as follows: FAILED TO REPORT FOR THE MONTHS OF MARCH 2022 AND APRIL 2022."[4] *See Hayhurst v. State*, No. 01-18-00412-CR, 2019 WL 922066, at *2 (Tex. App.—Houston [1st Dist.] Feb. 26, 2019, no pet.) (mem. op., not designated for publication) (modifying

---

[4] In its motion to adjudicate, the State argued in part that appellant had violated the terms of his community supervision by "[f]ailing to report as directed for the months of March and April of 2022."

18

trial-court judgment to conform findings as to appellant's violations of terms of supervision to written record).

## Conclusion

Because trial court's judgment erroneously states that appellant pleaded "TRUE" to the allegations in the State's motion to adjudicate, we modify the trial court's judgment to state, under the heading "Plea to Motion to Adjudicate," that appellant's plea was "Not True." And because the trial court in its judgment erroneously included a finding that appellant violated all of the conditions of community supervision set forth in the State's motion to adjudicate, we modify that sentence to state that appellant "violated the conditions of community supervision, as set out in the State's Amended Motion to Adjudicate Guilt, as follows: FAILED TO REPORT FOR THE MONTHS OF MARCH 2022 AND APRIL 2022." We affirm the trial court's judgment as modified. Any pending motions are denied as moot.

<div style="margin-left:40%">

Amparo "Amy" Guerra
Justice

</div>

Panel consists of Chief Justice Adams and Justices Guerra and Guiney.

Do not publish. Tex. R. App. P. 47.2(b).